1

2          UNITED STATES DISTRICT COURT

3         NORTHERN DISTRICT OF CALIFORNIA

4

IN RE:                    )    Case No.  CV 07-03244 CRB
5                         )
STEWART JAY WARREN,       )
6                         )    BK No. 06-10697
     DEBTOR.              )
7   _____ )
STEWARD JAY WARREN,       )
8                         )
     Debtor/Appellant,    )
9                         )
v                         )
10                        )
SARA L. KISTLER, Acting   )
11 United States Trustee, )
                          )
12      Appellee.         )
   _____ )

13

14              **APPELLANT'S OPENING BRIEF**

15

16                   on Appeal From

17

18        The United States Bankruptcy Court

19          Northern District of California

20              _____

21

22          David N. Chandler, Sr. SBN 60780
            David N. Chandler, Jr.   SBN 235427
23          DAVID N. CHANDLER, p.c.
            1747 Fourth Street
24          Santa Rosa, CA  95404
            Telephone: (707) 528-4331

25          Attorneys for Debtor/Appellant

26

27

28

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . ii

I.      APPELLATE JURISDICTION. . . . . . . . . 1

II.     STATEMENT OF ISSUES ON APPEAL . . . . . 1

III.    STANDARD OF REVIEW . . . . . . . . . . 1

IV.     STATEMENT OF THE CASE . . . . . . . . . 2

V.      STATEMENT OF FACTS . . . . . . . . . 4

VI.     SUMMARY OF ARGUMENT . . . . . . . . . 4

VII.    ARGUMENT . . . . . . . . . . . . . . 5

        1.   Appellant is ineligible to be a debtor
             under Title 11 and the case should be
             dismissed . . . . . . . . . . . . . . 5

        2.   Failure to comply with Section 521(a)(1)
             withing the time provided mandates
             automatic dismissal . . . . . . . . . 7

VIII.   CONCLUSION. . . . . . . . . . . . . . . 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**STATUTES**

11 U.S.C. Section 109. . . . . . . . . . . 1, 3, 5, 7

11 U.S.C. Section 111. . . . . . . . . . . . . .  5

11 U.S.C. Section 521. . . . . . 1, 2, 3, 4, 7, 8, 9

28 U.S.C. Section 158. . . . . . . . . . . . . .  1

B.L.R. 9013-1 . . . . . . . . . . . . . . . . .  8


**RULES**

F.R.B.P. Rule 8011 . . . . . . . . . . . . . . .  1


**CASES**

In re Afolabi, 343 B.R. 195
   (Bktcy. S.D. Ind. 2006). . . . . . . . . . .  6

In re Calhoun, 359 B.R. 738
   (Bktcy. E.D. Mo. 2007) . . . . . . . . . . .  8

In re Carr, 344 B.R. 774 (N.D.W.Va. 2006). . . .  6

In re Davenport, 335 B.R. 218 (M.D. Fla. 2005) .  5

In re Dillard, (Bktcy M.D. Ga. 2006) . . . . . .  6

In re Dixon, 338 B.R. 383 (B.A.P. 8th Cir. 2006).  6

In re Elemndorf, 345 B.R. 486
   (Bktcy. S.D.N.Y. 2006) . . . . . . . . . . .  6

In re Giles, 361 B.R. 212 (Bktcy. D. Ut. 2007) .  5

In re Hawkins, 34 B.R. 642 (Bktcy. D.D.C. 2006).  5

In re Hubbard, 33 B.R. 377 (Bktcy. S.D.Tex. 2005)  6

In re Kimsel, (Bktcy. D. Haw. 2006). . . . . . .  6

1  In re Mills, 341 B.R. 106 (Bktcy. D.D.C. 2006) .    5

2  In re Minqueta, 338 B.R. 883 (C.D. Cal. 2006). .    5

3  In re Moses, 167 F.3d 470, 473 (9th Cir. 1999). .    2

4  In re Parker, 351 B.R. 790 (Bktcy. N.D.Ga. 2007) 6, 9

5  In re Probasco, 839 F.2d 1352 (9th Cir. 1988) . .    1

6  In re Salazar, 339 B.R. 622 (Bktcy. S.D.Tex. 2006)    6

7  In re Wallace, 338 B.R. 399 (E.D.Ark. 2006) . . .    6

8  In re Withers, 2007 WL 628078
     (Bktcy. N.D.Cal. 2007). . . . . . . . . . . 6, 9

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.

## **APPELLATE JURISDICTION**

The United States District Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 158(a)(1). Appellee elected to have the within appeal heard by the District Court pursuant to 28 U.S.C. Section 158(c)(1) and FRBP Rule 8001(e).

Appellant's Notice of Appeal from the Order of the Bankruptcy Court was filed April 23, 2007.

# II.

## **STATEMENT OF ISSUES ON APPEAL**

1.   Whether the Debtor's ineligibility to be a debtor pursuant to Section 109(h)(1) requires dismissal of the case.

2.   Whether the mandate of Section 521(i)(2) requires automatic dismissal of the case as provided by the language of the statute.

# III.

## **STANDARD OF REVIEW**

The Bankruptcy Court's findings of fact are reviewed under a clearly erroneous standard.  In re Probasco, 839 F.2d 1352 (9th Cir. 1988).

Legal interpretations and conclusions are reviewed on

1

1  a de novo basis.   In re Moses, 167 F.3d 470, 473 (9th Cir.
2  1999).

3      The within appeal is taken from an Order of the
4  United States Bankruptcy Court denying entry of an Order
5  of Dismissal pursuant to 11 U.S.C. Section 521(i)(1)
6  which provides for automatic dismissal after a prescribed
7  period of time during which a debtor has failed to file
8  the information required by Section 521(a)(1).  The issue
9  is one of interpretation of the plain meaning of the
10  statute and is reviewed de novo.

11      The Bankruptcy Court further considered the Trustee's
12  Request to Refrain from Dismissing the Case filed
13  November 15, 2006 [E.R. 55] in regard to a hearing for
14  sanctions [E.R. 4] as a timely request by the Trustee for
15  a waiver of the requirements of Section 521(a)(1) despite
16  the fact that the hearing was taken off calendar and the
17  Trustee continued to demand that the Debtor file the
18  required information [E.R. 34] and the .  Whether the
19  Request to Refrain from Dismissal can be considered a
20  timely motion pursuant to Section 521(i)(4) is a finding
21  of fact and reviewed under a clearly erroneous standard.

22

23                          **IV.**

24              **STATEMENT OF THE CASE**

25

26      The Appellant, Debtor, filed a petition for relief
27  pursuant to Chapter 7 of Title 11 in pro per on October
28  11, 2006.  Schedules and Statement of Affairs were not

2

1  filed.    Appellant  failed  to  obtain  a  Certificate  of
2  Credit  Counseling  and  failed  to  provide  information
3  required by Section 521(a)(1).  On October 11, 2006, the
4  Bankruptcy  Court  ordered  the  Appellant  to  file  the
5  required  information  and  ordered  that  the  Court  may
6  dismiss the case absent filing within fifteen days [E.R.
7  4].

8      On October 30, 2006, after the Appellant failed to
9  appear for the first meeting pursuant to Section 341, the
10 Bankruptcy  Court  issued  its  Order  for  Hearing  Re:
11 Sanction [E.R. 4].  The Trustee filed a Response [E.R. 5]
12 supported by a Declaration [E.R. 7] requesting that the
13 case be not dismissed due to possible assets.  The matter
14 was  heard  on  November  17,  2006  and  taken  off  calendar
15 [E.R. 13].

16     Appellant  did  not  file  the  required  information
17 within 45 days (November 26, 2006) and the time was never
18 extended.  No motion was made by the Trustee prior to the
19 expiration  of  the  45  day  period  or  at  any  time
20 thereafter.

21     Appellant  filed  his  Motion  to  Dismiss  based  upon
22 Section 109(h) [E.R. 19] followed by a Request for Entry
23 of Order of Dismissal [E.R. 54].  The Request for Entry
24 of Order of Dismissal was denied without prejudice to set
25 on  notice  for  hearing  [E.R.  55].    Both  matters  were
26 noticed and heard together.  The Bankruptcy Court denied
27 both by Memorandum [E.R. 56] and construed the Trustee's
28 November 15th Response as a request for waiver, granted

3

the presumed request and entered an Order waiving the requirements of Section 521(a)(1) [E.R. 58] and denied the Motions to Dismiss [E.R. 59].

Appellant filed his Notice of Appeal on April 23, 2007. [E.R. 60]

## V.
### STATEMENT OF FACTS

The Appellant failed to timely provide the information required by Section 521(a)(1) [E.R. 34, lines 11-16]. The Trustee failed to file a Motion pursuant to Section 521(i)(4). Appellant requested dismissal based upon eligibility (failure to obtain credit counseling) and based upon Section 521(i) [E.R. 19, 54]. Appellant has not filed the required information despite the Trustee's continuing request.

## VI.
### SUMMARY OF ARGUMENT

The plain meaning of Section 521(i) requires that the case be *automatically* dismissed upon failure of the debtor to file the required information within 45 days of the filing of the petition absent motion by the Trustee and a finding of a good faith effort by the debtor to file the required information.

4

# VII.

## ARGUMENT

**1.  Appellant is ineligible to be a debtor under Title 11 and the case should be dismissed.**

An individual debtor is ineligible to be a debtor unter Title 11 unless such individual has obtained credit counseling from an agency described in Section 111(a) during the 180 day period immediately preceding the date of the filing of the petition.  11 U.S.C. Section 109(h)(1).

Appellant is an individual and did not obtain the requisite counseling services within the statutory period.  The requirements do not apply where the debtor makes certification of attempt to obtain counseling as provided in Section 109(h)(3).  Appellant made no certification as required.  The time for doing so as provided in Section 109(h)(3)(b) had expired in any event.

Published decisions are divided as to whether the requirements of Section 109(h) are procedural or jurisdictional.  *Jurisdictional,* In re Giles, 361 B.R. 212 (Bktcy. D. Ut. 2007) In re Hawkins, 34 B.R. 642 (Bktcy. D.D.C. 2006); In re Mills, 341 B.R. 106 (Bktcy. D.D.C. 2006).  *Procedural,* In re Minqueta, 338 B.R. 883 (C.D. Cal. 2006); In re Davenport, 335 B.R. 218 (M.D. Fla. 2005).

Bankruptcy Courts are divided as to whether the petition should be stricken or dismissed. *Stricken,* In re Hubbard, 33 B.R. 377 (Bktcy. S.D.Tex. 2005); In re Elemndorf, 345 B.R. 486 (Bktcy. S.D.N.Y. 2006). *Dismissed,* In re Kimsel, (Bktcy. D. Haw. 2006); In re Dillard, (Bktcy M.D. Ga. 2006). Some courts see no practical difference. In re Salazar, 339 B.R. 622 (Bktcy. S.D.Tex. 2006).

Many decisions support the proposition that a petition filed by an ineligible debtor must be dismissed or stricken. In re Dixon, 338 B.R. 383 (B.A.P. 8th Cir. 2006); In re Afolabi, 343 B.R. 195 (Bktcy. S.D. Ind. 2006); In re Carr, 344 B.R. 774 (N.D.W.Va. 2006); In re Wallace, 338 B.R. 399 (E.D.Ark. 2006).

The Bankruptcy Court relied upon In re Parker, 351 B.R. 790 (Bktcy. N.D.Ga. 2007) finding that the Appellant having filed the petition is estopped from requesting dismissal based upon eligibility. Parker, however, cites instances of the debtor's participation as evidence of waiver of the counseling requirement and holds that the requirement is not jurisdictional. Another decision following the rationale in Parker is cited in the Bankruptcy Court's Memorandum, In re Withers, 2007 WL 628078 (Bktcy. N.D.Cal. 2007).

Eligibility appears to be at the whim of the Bankruptcy Court and based upon convenience rather than the statutory scheme. Presumably the consumer protection features of the statute include the counseling required

6

for every individual debtor. The application of Section 109(h) by the Bankruptcy Court construes the requirement to be but a trap for the unwary by which unfair advantage may readily be taken.

**2. Failure to comply with Section 521(a)(1) within the time provided mandates automatic dismissal.**

Section 521(a)(1) provides a list of items which are required to be filed by the Debtor. Section 521(i) requires that the information be filed before 45 days have expired from the filing of the petition. The time can be extended on request of the debtor. See, Section 521(i)(1). Time may also be extended on Motion of the Trustee on a finding that the debtor attempted in good faith to file all the information required and that the best interests of creditors would be served. See, Section 521(i)(2) and (4). The Motion must be made within the time as provided in subparagrah (1), i.e., 45 days.

There is no dispute that the Appellant did not provide any of the information required by Section 521(a)(1). Further, there is no dispute that the Trustee did not file a motion and notice a hearing thereon at any time.

The form of a motion requires that the initial papers include a notice of hearing, a concise statement of what relief or Court action is sought, and a Memorandum of

7

Points and Authorities.  B.L.R. 9013-1(b).  Any factual
contentions made in suport of a motion such as debtor's
good faith efforts are to be supported by affidavit or
declaration.  B.L.R. 9013-1(d).

The Request [E.R. 6] filed by the Trustee did not
comply with the rule.  It did not contain a notice of
hearing.  It did not contain a concise statement as to
the relief sought other than not to dismiss.  It did not
contain a succint statement of the relevant facts and was
unsupported by evidence.  The Court did not make any
findings at all and dropped the Court's Motion for
Sanctions from calendar.  It was not a Motion and could
not reasonably be construed to comply with Section
521(i)(4).

Failure to provide the information within the time,
extend the time, or obtain further order of the Court
expired forty-five days from October 11, 2007.  The plain
language of Section 521(i)(1) mandates that the case
*shall be automatically dismissed* effective on the 46th
day.  It is submitted that the case should have been
automatically dismissed.  Should the Trustee's Request be
construed to be a motion pursuant to Section 521(i)(4),
the Court would have had to find that the Appellant
attempted to file the information in good faith in order
to grant relief from the automatic application of the
dismissal provision.  See, <u>In re Calhoun</u>, 359 B.R, 738,
740 (Bktcy. E.D. Mo. 2007).

The Bankruptcy Court relied upon the judicial

8

estoppel argument advanced in <u>In re Withers</u>, 2007 WL 628078 (Bktcy. N.D.Cal. 2007) and <u>In re Parker</u>, 351 B.R. 790 (Bktcy. N.D.Ga. 2007).   The decisions relied upon do not advance the plain meaning of the applicable subsection of Section 521.   The automatic dismissal provided is not limited to dismissal requested by any party.   In fact, the word "automatic" is plain and unambiguous and should be given its plain meaning in conjunction with the obligatory word used in the same sentence, "shall".

## VIII.
### CONCLUSION

The *case* <u>*shall be automatically dismissed*</u> effective the 46th day in the event the debtor fails to file all of the required information within 45 days.   The sentence is clear and unambiguous and does not exclude any party from requesting that the Order that should have been entered be entered.   The Bankruptcy Court has an independent obligation to enter the Order of Dismissal effective the 46th day without regard to request of any particular party.

It is respectfully submitted that the Order Waiving Section 521(a)(1) Requirements and the Order Denying Motion for Order of Dismissal be reversed and an Order of Dismissal entered.

Dated:   8/17/07                  Respectfully submitted,
                                  DAVID N. CHANDLER, p.c.

                                  By:<u>/s/ David N. Chandler</u>
                                  DAVID N. CHANDLER,
                                  Attorney for Appellant

9