1

2                   UNITED STATES DISTRICT COURT

3                 NORTHERN DISTRICT OF CALIFORNIA

4
    IN RE:                    )    Case No.  CV 07-03244 CRB
5                             )
    STEWART JAY WARREN,       )
6                             )    BK No. 06-10697
        DEBTOR.               )
7   _____  )
    STEWARD JAY WARREN,       )
8                             )
        Debtor/Appellant,     )
9                             )
    v                         )
10                            )
    SARA L. KISTLER, Acting   )
11  United States Trustee,    )
                              )
12      Appellee.             )
    _____  )

13

14          **APPELLANT'S EXCERPTS OF THE RECORD**

15

16                     on Appeal From

17

18         The United States Bankruptcy Court

19           Northern District of California

20                  _____

21

22              David N. Chandler, Sr. SBN 60780
                David N. Chandler, Jr.   SBN 235427
23              DAVID N. CHANDLER, p.c.
                1747 Fourth Street
24              Santa Rosa, CA  95404
                Telephone: (707) 528-4331
25
                Attorneys for Debtor/Appellant
26

27

28

**<u>INDEX</u>**

|  | <u>Page</u> |
|---|---|
| Voluntary Petition | E.R. 1 |
| Order For Individuals To File Required Documents and Notice Regarding Automatic Dismissal entered 10/12/06 | E.R. 4 |
| Order For Hearing Re: Sanctions entered 10/30/06 | E.R. 5 |
| Response To Order Fore Hearing Re: Sanctions And Request Court To Refrain From Dismissing Case dated 11/15/06 | E.R. 6 |
| Declaration In Support To Response To Order For Hearing Re: Sanctions And Request Court To Refrain From Dismissing Case | E.R. 8 |
| PACER docket re: Sanctions Hearing off calendar | E.R. 13 |
| PACER Case Docket | E.R. 14 |
| Motion For Order Of Dismissal; Declaration Of Stewart Warren; Memorandum of Points and Authorities dated 3/6/07 | E.R. 19 |
| Notice Of Hearing On Motion For Order Of Dismissal dated 3/7/07 | E.R. 23 |
| United States Trustee's Opposition To Debtor's Motion For Order Of Dismissal dated 3/22/07 | E.R. 26 |
| Supplemental Exhibits In Support Of United States Trustee's Opposition To Debtor's Motion For Order Of Dismissal dated 3/27/07 | E.R. 36 |
| Excerpt Of Transcript From Taped Proceedings 341 Meeting Of Creditors 11/29/06 | E.R. 39 |
| Joinder In Support Of United States Trustee's Opposition To Debtor's Motion For Order Of Dismissal dated 3/28/07 | E.R. 44 |
| Request For Entry Of Order Of Dismissal And Order Denying dated 4/4/07 | E.R. 54 |
| Memorandum On Motions To Dismiss | E.R. 56 |
| Order Waiving Debtor To File Papers Required By § 521(a)(1) entered 4/13/07 | E.R. 58 |

1

1  Order Denying Debtor's Motion To Dismiss Under
   11 U.S.C. § 109(h) and *Ex Parte* Request For
2  Dismissal Under 11 U.S.C. § 521(i)
   entered 4/20/07                              E.R. 59
3
   Notice of Appeal dated 4/23/07              E.R. 60
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              2

**Official Form 1 (10/06)**

| United States Bankruptcy Court | |
|---|---|
| *Northern* DISTRICT OF *California* | **Voluntary Petition** |

| Name of Debtor (if individual, enter Last, First, Middle): *Warren Stewart Jay* | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): *N/A* | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): *3295* | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): *415 Wilson Lane* *Windsor Calif.* ZIP CODE *95492* | Street Address of Joint Debtor (No. and Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: *Sonoma Co.* | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): *Same* ZIP CODE *95492* | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): *Same* | ZIP CODE |

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☒ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☒ Chapter 7        ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12        ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |
| | **Tax-Exempt Entity** (Check box, if applicable.) | **Nature of Debts** (Check one box.) |
| | ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."        ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2 million.<br>---<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to $10,000 | ☐ $10,000 to $100,000 | ☒ $100,000 to $1 million | ☐ $1 million to $100 million | ☐ More than $100 million |
|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,000 to $100,000 | ☒ $100,000 to $1 million | ☐ $1 million to $100 million | ☐ More than $100 million |
|---|---|---|---|---|

E.R.1

Official Form 1 (10/06)                                                                    Form B1, Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location<br>Where Filed: *SANTA ROSA - SONOMA Co. CA* | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: *99 SOUTH E STREET* | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: *Stewart Jay Warren* | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.) |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No.

---

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

    _____
    (Name of landlord that obtained judgment)

    _____
    (Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

E.R.2

| Official Form 1 (10/06) | Form B1, Page 3 |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): |

| Signatures | |
|---|---|
| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |

| | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X *Stewart Jay Warren*<br>  Signature of Debtor<br><br>X _____<br>  Signature of Joint Debtor<br><br>_____<br>  Telephone Number (if not represented by attorney)<br><br>*10/11/06*<br>  Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>  (Signature of Foreign Representative)<br><br>_____<br>  (Printed Name of Foreign Representative)<br><br>_____<br>  Date |
| **Signature of Attorney** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| X _____<br>  Signature of Attorney for Debtor(s)<br><br>_____<br>  Printed Name of Attorney for Debtor(s)<br><br>_____<br>  Firm Name<br><br>_____<br>  Address<br>_____<br>_____<br><br>_____<br>  Telephone Number<br><br>_____<br>  Date | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached. |
| **Signature of Debtor (Corporation/Partnership)** | _____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>  Signature of Authorized Individual<br><br>_____<br>  Printed Name of Authorized Individual<br><br>_____<br>  Title of Authorized Individual<br><br>_____<br>  Date | Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br>_____<br><br>X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

E.R.3

Entered on Docket
**October 12, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
## SANTA ROSA DIVISION

In re                                                    Case No. 06-10697
                                                         Chapter 7

Stewart Jay Warren,
            Debtor(s). /

### Order For Individuals To File
### Required Documents and Notice Regarding Automatic Dismissal

The debtor(s) named above failed to file the documents listed below.

☒ Summary of Schedules (*Official Form 6*)
☒ Statistical Summary of Certain Liabilities (*Official Form 6*)
☒ Schedule A - Real Property (*Official Form B6A*)
☒ Schedule B - Personal Property (*Official Form B6B*)
☒ Schedule C - Property Claimed as Exempt (*Official Form B6C*)
☒ Schedule D - Creditors Holding Secured Claims (*Official Form 6D*)
☒ Schedule E - Creditors Holding Unsecured Priority Claims (*Official Form 6E*)
☒ Schedule F - Creditors Holding Unsecured Nonpriority Claims (*Official Form 6F*)
☒ Schedule G - Executory Contracts and Unexpired Leases (*Official Form B6G*)
☒ Schedule H - Codebtors (*Official Form B6H*)
☒ Schedule I - Current Income of Individual Debtor(s) (*Official Form 6I*)
☒ Schedule J - Current Expenditures of Individual Debtor(s) (*Official Form 6J*)
☒ Declaration Concerning Debtor's Schedules (*Official Form 6*)
☒ Statement of Financial Affairs (*Official Form 7*)
☒ Statement of Current Monthly Income and Means Test Calculation - Chapter 7  (*Form B22*)
☒ Statement of Current Monthly Income - Chapter 11 (*Form B22B*)
☐ Statement of Current Monthly Income and Calculation of Commitment Period and Disposal
   Income - Chapter 13 (B22C)
☒ Payment Advices
☐ Chapter 13 Plan
☒ Certification Regarding Debtor(s) Notification Required by 11 U.S.C. §342(b) - Individual
   Consumer Debtor (*Director's Form B201*)
☐ Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer (*Form 19B*)
☒ A certificate that Credit Counseling as required by U.S.C. §109(h) was completed prior to the
   filing of the petition
☐ [Other]

NOTICE IS GIVEN that unless the document(s) listed above are filed within 15 days of the filing date of
the petition, or such further time as the court may grant, the court MAY DISMISS this case. If you desire
a hearing, you must file a request for hearing with proper service, within 10 days of the date of this Order.

Date:  October 11, 2006                     Alan Jaroslovsky
                                            Bankruptcy Court Judge

Entered on Docket
**October 30, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1
2
3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

4

In re                                No.: 06-10697
                                     Chapter: 7

| **FILED** |
|---|
| October 30, 2006 |
| U.S. Bankruptcy Court |
| Santa Rosa, Division |

5   Stewart Jay Warren,

6              Debtor(s).        /

7              **ORDER FOR HEARING RE: SANCTIONS**

8         To the above-named debtors and counsel of record:

9         A hearing will be held at 9:00 A.M. on November 17, 2006 at:

10             99 South E St., Santa Rosa, CA.

11        You and your counsel (if any) are ordered to attend.

12        The purpose of the hearing is to determine if the court should fine or otherwise sanction you

13   and/or your counsel, or dismiss this case, pursuant to section 105(a) of the Bankruptcy Code for:

14             failure to file timely schedules and statement of affairs.

15        Belated compliance will not excuse attendance at the hearing, nor assure that there will be no

16   sanctions or dismissal. If this case is dismissed, the Court may bar the debtor(s) from refiling any

17   bankruptcy petition in any Court for a period of up to one year. Time for service of this order is

18   shortened to five days before the hearing. Service is limited to the debtor(s), counsel for the debtor(s)

19   (if any), the case trustee, and the U.S. Trustee.

20        SO ORDERED.

21        Dated:  October 30, 2006

22

23                                    

24

25                                    Alan Jaroslovsky
                                      U.S. Bankruptcy Judge
26

I certify that on this day this order was mailed to the debtor at their last known mailing address.

27

By: Jan Colvin, Deputy Clerk on October 30, 2006.

28

                                                                        E.R.5

Andrea A. Wirum, State Bar. No. 095616
Chapter 7 Trustee
P.O. Box 1108
Lafayette, CA 94549
Telephone & Fax: (415) 294-7710.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In re  STEWART JAY WARREN

              Debtor.

Case No. 06-10697
Chapter 7

Date: November 17, 2006
Time: 9:00 a.m.
Court: Santa Rosa

## RESPONSE TO ORDER FOR HEARING RE: SANCTIONS AND REQUEST COURT TO REFRAIN FROM DISMISSING CASE

Andrea Wirum, the duly appointed Chapter 7 Trustee herein, responds to the Court's Order for Hearing Re: Sanctions as follows:

The Debtor has not filed Schedules of Assets and Liabilities and a Statement of Financial Affairs and other required documents. The Debtor also did not attend his First Meeting of Creditors originally scheduled for November 8, 2006. The Trustee continued the Debtor's Meeting of Creditors to November 29, 2006. The Trustee is concerned that there may be assets which may be administered for the benefit of creditors and requests that this Court refrain from immediately dismissing this case so the Trustee may complete her investigation.

On November 14, 2006, the Trustee received a telephone call from a representative of Exchange Bank. The representative advised the Trustee that Exchange Bank is holding approximately $93,000 of Debtor's funds in an account. The

RESPONSE TO ORDER FOR HEARING RE; SANCTIONS AND
REQUEST COURT TO REFRAIN FROM DISMISSING CASE

E.R.6

representative of Exchange Bank further advised the Trustee that Exchange Bank was intending to turn over said funds in response to a levy related to unpaid domestic support obligations but the Chapter 7 petition was filed immediately prior to the turnover.

The Trustee has searched the public records for Sonoma County, the County in which Debtor resides.  It appears that the Debtor has owned and transferred real property in the last two to three years and there are references in the public record to a Warren Trust.  Given the fact that the Debtor has in excess of $93,000 in funds in Exchange Bank and also has owned and transferred real property in the recent past, the Trustee believes that the circumstances surrounding Debtor's filing of his Chapter 7 petition and the Debtor's financial situation should be investigated prior to the case being dismissed since there may be assets available for distribution to the Debtor's creditors.


Respectfully submitted under penalty of perjury this 15th day of November in Lafayette California.


/s/ Andrea A. Wirum
Andrea A. Wirum, Trustee


RESPONSE TO ORDER FOR HEARING RE; SANCTIONS AND
REQUEST COURT TO REFRAIN FROM DISMISSING CASE

E.R.7

Andrea A. Wirum, State Bar. No. 095616
Chapter 7 Trustee
P.O. Box 1108
Lafayette, CA 94549
Telephone & Fax: (415) 294-7710

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re   STEWART JAY WARREN | Case No. 06-10697 |
| | Chapter 7 |
| Debtor. | |
| | Date:  November 17, 2006 |
| | Time:  9:00 a.m. |
| | Court:  Santa Rosa |

## DECLARATION IN SUPORT TO RESPONSE TO ORDER FOR HEARING RE: SANCTIONS AND REQUEST COURT TO REFRAIN FROM DISMISSING CASE

I, Andrea Wirum, declare as follows:

1. On November 15, 2006, I filed a Response to Order for Hearing Re: Sanctions and Request Court to Refrain from Dismissing Case requesting that the Court refrain from dismissing Case No. 06-10697, In re Stewart Jay Warren.

2. After I made the above filing, I received a telephone call from Cindy Perez of Exchange Bank. Ms. Perez was calling from a location away from her office and did not have the records in front of her. She advised me that prior to filing Chapter 7, the debtor maintained an account at Exchange Bank in the amount of approximately $180,000. She indicated that she could provide me with the exact balance when she returned to the office. When the Debtor was advised that Exchange Bank intended to honor the Order to Withhold Child Support Collection, a true and correct copy of

DECLARATION IN SUPPORT TO RESPONSE TO ORDER FOR HEARING RE: SANCTIONS AND
REQUEST COURT TO REFRAIN FROM DISMISSING CASE

E.R.8

1  which was provided to me by Exchange Bank and is attached hereto, he directed

2  Exchange Bank not to honor the order and he withdrew the balance of his account.

3  3.  Ms. Perez did not have the records before her but she advises that the

4  withdrawal of approximately $90,000 by the Debtor occurred after he filed his

5  Chapter 7 petition.

6  Respectfully submitted under penalty of perjury this 15th day of November in

7  Lafayette California.

8

9

10

11  /s/ Andrea A. Wirum
    Andrea A. Wirum, Trustee

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION IN SUPPORT TO RESPONSE TO ORDER FOR HEARING RE; SANCTIONS AND
REQUEST COURT TO REFRAIN FROM DISMISSING CASE

# EXCHANGE BANK SINCE 1890

# FAX COVER SHEET

DATE: 11/15/06

NUMBER OF PAGES (Inc. Cover Sheet): 3

| TO: | Andrea Whum | FROM: | Cyndi Perez |
|---|---|---|---|
| COMPANY NAME: | Bankruptcy Court | COMPANY NAME: | EXCHANGE BANK |
| FAX #: | 415-294-7710 | FAX #: | 707 524-3039 |
| TEL #: | 415-274-7710 | TEL: | 707 327-7190 |

COMMENTS:

Andrea,

Here's the original Order to Withhold + the modified order. Please call to discuss.

Cyndi

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee, or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately and return the original to Exchange Bank, P.O. Box 403, Santa Rosa, CA 95402-0403 via the U.S. Postal Service. Thank you.

GO0226 Fax Cover Sheet (Rev. 11/01)

E.R.10



STATE OF CALIFORNIA - HEALTH AND HUMAN SERVICES AGENCY
CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES
**CHILD SUPPORT COLLECTIONS**
PO BOX 989069
WEST SACRAMENTO CA 95798 9069

**NOTICE DATE: 09/25/06**

TELEPHONE (866) 820-5408

## ORDER TO WITHHOLD – CHILD SUPPORT COLLECTIONS

☐ Check this box and indicate new address on reverse

Account Number: CS-731-9112

Billing Number: 06-0020-3172

06-0020-3172
**EXCHANGE BANK**
440 AVIATION BLVD
SANTA ROSA, CA 95403-1069

Participant Number:

SSN. 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

Amount Due: $ 93,330.46

RETAIN FOR YOUR RECORDS

We have issued this Order to Withhold to collect a past-due family support debt. You are required to withhold the debtor's assets at the time you receive this order up to the total amount due shown above. Do not withhold more than the amount due.

Debtor:

STEWART J WARREN
1415 WILSON LN
WINDSOR, CA 95492

This order is directed against any credits or payments belonging to the debtor, such as.

. Deposits in financial institutions.
  *including Individual Retirement Accounts (IRA)*
  *or Simplified Employee Pension Plans (SEP)*

. Declared dividends, rents, royalties, deposits in vacation or holiday trust funds

. Stocks, bonds, mutual funds, etc.

. Any other personal property in your possession or under your control.

If you are unsure if the type of funds you possess are subject to collection for child support, please contact our office at the telephone number listed above

Refer to the "NOTICE" section on page 2 of this order if you have property other than cash, payments, or credits belonging to the debtor.

This Order to Withhold has been issued under authorization of Section 17453 of the California Family Code.

### To comply with this Order, please do the following:

1. Freeze the debtor's assets up to the amount due shown above for 10 business days.

2. Immediately deliver page 3 of this notice to the debtor.

3. After the 10 business days, withhold the cash assets and make the check payable to:

    **Child Support Collections**
    *Please include the debtor's full name, account number and billing number as shown above*

    *Refer to page 2 if you are holding non-cash financial assets.*

4. Complete page 2 of this notice   Attach your payment to it and return both items to our office at the address shown at the top of this page.

    *NOTE. You must complete page 2 and return it to our office even if no payment is withheld.*

5. Advise any interested parties to present claims to the funds by calling our office at the telephone number shown above.

*Thank you for your cooperation.*

E.R.11
**CHILD SUPPORT COLLECTIONS**

Monday 16 of Oct 2006, Franchise Tax Board ->707 524 3039



STATE OF CALIFORNIA – HEALTH AND HUMAN SERVICES AGENCY
CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES
CHILD SUPPORT COLLECTIONS
PO BOX 989069
WEST SACRAMENTO CA 95798 9069
(866) 820 5408

Notice Date: 10/13/2006

## MODIFICATION OF WITHHOLDING ORDER – CHILD SUPPORT COLLECTIONS

☐ Check this box and indicate new address on reverse.

EXCHANGE BANK
440 AVIATION BLVD
SANTA ROSA, CA 95403-1069

Account Number. 08-731-9112

Billing Number. 06-0020-3172

Participant Number.

SSN 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

Balance Due. $93,330.46

ADDRESS OF RECORD

| | |
|---|---|
| DEBTOR  STEWART J WARREN | BILLING NUMBER 06-0020-3172 |
| | WITHHOLD ORDER DATE 09/25/2006 |
| SOCIAL SECURITY NUMBER 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 | CASE NUMBER |
| ACCOUNT NUMBER 08-731-9112 | BL0010141 |
| AMOUNT DUE $93,330.46 | |

We are modifying the withholding order, bill number    0600203172    , directed
to you on    09/25/2006    . Please do the following:

☐ Withdraw the levy.

☐ Reduce the balance to $

☒ Delay withholding until        11/10/2006

☐ Modify the order to:

    Payment of

    Every

    Commencing

Please note that this modification is effective only for the Order to Withhold noted above. This modification does not necessarily mean the liability has been satisfied.

PAYMENT
INSTRUCTIONS
• Make check or money order payable to CHILD SUPPORT COLLECTIONS.
• Write the debtor's full name, account number and billing number on the check or money order.
• Enclose a copy of this notice with each payment you send.
• Mail payment to the address listed at the top of this notice.

Please give page 2 of this notice to the debtor.
Thank you for your cooperation

CHILD SUPPORT COLLECTIONS

PAGE 1
DCSS012F PO (REV 13-2006)

E.R.12

**Full docket text:**

Hearing Held (RE: related document(s)[9] Order For Hearing Re: Sanctions:
Re Incomplete Filings Due (RE: related document(s) [1] Voluntary Petition
(Chapter 7), filed by Debtor Stewart Jay Warren) (After Hearing; Off
calendar) (Appearances: James Sheppard) (ta, )

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/15/2007 18:43:12 | | | |
| **PACER Login:** | dc0064 | **Client Code:** | Warren |
| **Description:** | History/Documents | **Search Criteria:** | 06-10697 Type: History |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**06-10697** Stewart Jay Warren
**Case type:** bk **Chapter:** 7 **Asset:** Yes **Vol:** v **Judge:** Alan Jaroslovsky
**Date filed:** 10/11/2006 **Date of last filing:** 08/09/2007

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| -- | *Filed & Entered:* | 10/11/2006 | ◉ Meeting (Chapter 7) |
| -- | *Filed & Entered:* | 10/11/2006 | ◉ Receipt Number and Filing Fee |
| 1 | *Filed & Entered:* | 10/11/2006 | ◉ Voluntary Petition (Chapter 7) |
| 2 | *Filed & Entered:* | 10/11/2006 | ◉ Creditor Matrix |
| 3 | *Filed & Entered:* | 10/11/2006 | ◉ Statement of Social Security Number |
| 4 | *Filed & Entered:* | 10/12/2006 | ◉ Order |
| 5 | *Filed & Entered:* | 10/13/2006 | ◉ Generate 341 Notices |
| 6 | *Filed & Entered:* | 10/14/2006 | ◉ BNC Certificate of Mailing |
| 7 | *Filed:* *Entered:* | 10/15/2006 10/16/2006 | ◉ BNC Certificate of Mailing - Meeting of Creditors |
| 8 | *Filed & Entered:* | 10/30/2006 | ◉ Order To Set Hearing |
| 9 | *Filed & Entered:* | 10/30/2006 | ◉ Order To Set Hearing |
| -- | *Filed & Entered:* | 11/09/2006 | ◉ Debtor (s) DID NOT Appear. Debtor did not appear |
| 10 | *Filed & Entered:* | 11/15/2006 | ◉ Response |

E.R.14

| 11 | Filed & Entered: | 11/15/2006 | ❦ Declaration |
|---|---|---|---|
| -- | Filed: Entered: | 11/17/2006 11/20/2006 | ❦ Hearing Held (Bk) |
| -- | Filed & Entered: | 11/30/2006 | ❦ Meeting of Creditors Continued |
| 12 | Filed & Entered: | 12/05/2006 | ❦ Notice of Deficiency Financial Management Course |
| 13 | Filed & Entered: | 12/07/2006 | ❦ BNC Certificate of Mailing |
| -- | Filed & Entered: | 12/18/2006 | ❦ Debtor (s) DID NOT Appear. Debtor did not appear |
| 14 | Filed & Entered: | 12/18/2006 | ❦ Request for Notice of Possible Dividends |
| 15 | Filed & Entered: | 12/19/2006 | ❦ Notice of Possible Dividends |
| 16 | Filed & Entered: | 12/21/2006 | ❦ BNC Certificate of Mailing - Notice of Possible Dividend |
| 17 | Filed & Entered: Terminated: | 12/26/2006 01/22/2007 | ❦ Motion to Extend Time |
| 18 | Filed & Entered: | 12/26/2006 | ❦ Opportunity for Hearing |
| -- | Filed & Entered: | 01/10/2007 | ❦ Debtor (s) DID NOT Appear. Debtor did not appear |
| 19 | Filed & Entered: | 01/17/2007 | ❦ Notice of Deficiency Financial Management Course |
| 20 | Filed & Entered: | 01/18/2007 | ❦ Request For Entry of Default |
| 21 | Filed & Entered: | 01/19/2007 | ❦ BNC Certificate of Mailing |
| 22 | Filed & Entered: | 01/22/2007 | ❦ Order on Motion to Extend Time |
| -- | Filed & | | ❦ Update Other Deadlines (Bk) |

E.R.15

| | | | |
|---|---|---|---|
| | *Entered:* | 01/31/2007 | |
| -- | *Filed & Entered:* | 02/13/2007 | ⊛ Meeting of Creditors Continued |
| 23 | *Filed & Entered:* | 03/06/2007 | ⊛ Motion to Dismiss Case |
| | *Terminated:* | 05/29/2007 | |
| -- | *Filed & Entered:* | 03/07/2007 | ⊛ Meeting of Creditors Continued |
| 24 | *Filed & Entered:* | 03/07/2007 | ⊛ Notice of Hearing |
| 25 | *Filed & Entered:* | 03/09/2007 | ⊛ Motion to Extend Time |
| | *Terminated:* | 04/25/2007 | |
| 26 | *Filed & Entered:* | 03/09/2007 | ⊛ Opportunity for Hearing |
| 27 | *Filed & Entered:* | 03/22/2007 | ⊛ Opposition Brief/Memorandum |
| 28 | *Filed & Entered:* | 03/27/2007 | ⊛ Exhibit |
| 29 | *Filed & Entered:* | 03/27/2007 | ⊛ Exhibit |
| 30 | *Filed & Entered:* | 03/28/2007 | ⊛ Joinder |
| 31 | *Filed & Entered:* | 04/04/2007 | ⊛ Motion to Dismiss Case |
| | *Terminated:* | 04/04/2007 | |
| 32 | *Filed & Entered:* | 04/04/2007 | ⊛ Order on Motion to Dismiss Case |
| -- | *Filed & Entered:* | 04/06/2007 | ⊛ Meeting of Creditors Continued |
| -- | *Filed:* | 04/06/2007 | ⊛ Hearing Held (Bk) |
| | *Entered:* | 04/09/2007 | |
| 33 | *Filed & Entered:* | 04/09/2007 | ⊛ Memorandum Decision |

E.R.16

| 34 | Filed & Entered: | 04/13/2007 | ❧ Order |
|----|----|----|----|
| 35 | Filed & Entered: | 04/20/2007 | ❧ Order |
| -- | Filed & Entered: | 04/23/2007 | ❧ Receipt |
| 36 | Filed & Entered: | 04/23/2007 | ❧ Notice of Appeal |
| 37 | Filed & Entered: | 04/25/2007 | ❧ Notice of Referral of Appeal to BAP |
| 38 | Filed & Entered: | 04/25/2007 | ❧ Request For Entry of Default |
| 39 | Filed & Entered: | 04/25/2007 | ❧ Transmittal of Appeal to BAP |
| 40 | Filed & Entered: | 04/25/2007 | ❧ Order on Motion to Extend Time |
| 41 | Filed & Entered: | 05/03/2007 | ❧ Appellant Designation |
| 42 | Filed & Entered: | 05/03/2007 | ❧ Statement of Issues on Appeal |
| 43 | Filed & Entered: | 05/04/2007 | ❧ Notice of Docketing Record on Appeal |
| -- | Filed & Entered: | 05/09/2007 | ❧ Debtor (s) DID NOT Appear. Debtor did not appear |
| 44 | Filed & Entered: Terminated: | 05/09/2007 06/18/2007 | ❧ Motion to Extend Time |
| 45 | Filed & Entered: | 05/09/2007 | ❧ Opportunity for Hearing |
| 46 | Filed & Entered: | 05/09/2007 | ❧ Certificate of Service |
| 47 | Filed & Entered: | 05/09/2007 | ❧ Certificate of Service |
| 48 | Filed & | | ❧ Statement of Election on Appeal |

E.R.17

| | | | |
|---|---|---|---|
| | Entered: | 05/14/2007 | |
| 49 | Filed & Entered: | 05/14/2007 | ● Appellee Designation |
| 50 | Filed & Entered: | 05/14/2007 | ● Certificate of Service |
| 51 | Filed & Entered: | 05/15/2007 | ● Request for Hearing |
| 52 | Filed & Entered: | 05/16/2007 | ● Notice of Hearing |
| 53 | Filed & Entered: | 05/31/2007 | ● Transcript Re: Appeal |
| 54 | Filed: Entered: Terminated: | 06/03/2007 06/04/2007 06/03/2007 | ● Application to Employ |
| 55 | Filed: Entered: | 06/03/2007 06/04/2007 | ● Order on Application to Employ |
| -- | Filed & Entered: | 06/07/2007 | ● Debtor (s) DID NOT Appear. Debtor did not appear |
| 56 | Filed & Entered: | 06/08/2007 | ● Reply |
| 57 | Filed & Entered: | 06/14/2007 | ● Request for Notice |
| -- | Filed & Entered: | 06/15/2007 | ● Hearing Held (Bk) |
| 58 | Filed: Entered: | 06/18/2007 06/20/2007 | ● Order on Motion to Extend Time |
| 59 | Filed: Entered: | 06/21/2007 06/22/2007 | ● Notice of Docketing Record on Appeal |
| 60 | Filed & Entered: | 07/06/2007 | ● Transmittal of Record on Appeal |
| -- | Filed & Entered: | 07/07/2007 | ● Meeting of Creditors Continued |
| -- | Filed & Entered: | 08/09/2007 | ● Meeting of Creditors Continued |

E.R.18

1  David N. Chandler, Sr.    SBN 60780
   David N. Chandler, Jr.    SBN 235427
2  DAVID N. CHANDLER, P.C.
   1747 Fourth Street
3  Santa Rosa, CA  95404
   Telephone: (707) 528-4331
4
   Attorneys for Debtor
5
                    UNITED STATES BANKRUPTCY COURT
6                    NORTHERN DISTRICT OF CALIFORNIA
7
   IN RE:                       )    Case No.   06-10697
8                               )
   STEWART JAY WARREN,          )    Chapter 7
9                               )
                                )    MOTION FOR ORDER OF DISMISSAL;
10    DEBTOR.                    )    DECLARATION OF STEWART WARREN;
   _____  )    MEMORANDUM OF POINTS AND AUTHORITIES
11                                   Date:  April 6, 2007
                                     Time:  9:00 a.m.
12                                   Place: 99 South E St.
                                            Santa Rosa, CA
13
14        TO: HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY JUDGE:
15        Stewart Jay Warren, Debtor herein, hereby moves the above
16   entitled Court for an Order Dismissing the within Chapter 7 case.
17        Said Motion is made on the grounds that the Debtor is not
18   eligible to be a Debtor under Title 11 as Debtor has failed to obtain
19   credit counsel prior to commencement of the case and failed to obtain
20   an exemption within the time prescribed by law.
21        The Motion is made and based hereon, on the Declaration of
22   Stewart Jay Warren and on the Memorandum of Points and Authorities
23   appended hereto.
24
25   Dated:    3/6/07                      DAVID N. CHANDLER, P.C.
26
27                                    By: /s/ David N. Chandler
                                         DAVID N. CHANDLER,
28                                       Attorney for Debtor
29
30
31            DECLARATION OF STEWART JAY WARREN
32        I, Stewart Jay Warren, declare and say:
33        1.    That if called as a witness, I am competent to testify to
34   the within matters from my own knowledge.
35        2.    The within case was commenced on October 11, 2006 by
36

Law Offices
of
David N. Chandler, P.C.
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

                                    1

1  voluntary petition filed pursuant to Chapter 7 of the Code.

2      3.  The case was filed in propria persona.  I did not consult

3  with counsel.

4      4.  I was not aware of a requirement for credit counseling to

5  be eligible to be a debtor in the case.  I did not become aware of

6  the requirement until February 23, 2007 when I met with counsel.

7      5.  I am not physically or mentally unable to participate in

8  counseling and am not on active duty in the military.

9      6.  I did not attempt to obtain credit counseling within five

10  days prior to commencement of the case.  I have not submitted a

11  certification to the Court concerning exigent circumstances.

12      Executed under penalty of perjury this 6th day of March, 2007

13  at Santa Rosa, California.

14

                          /s/ Stewart Jay Warren
15                        Stewart Jay Warren

16

17          MEMORANDUM OF POINTS AND AUTHORITIES

18      1.  An individual debtor is ineligible to be a debtor under

19  Title 11 unless such individual has obtain credit counseling from an

20  agency described in Section 111(a) during the 180 day period

21  immediately preceding the date of the filing of the petition.  11

22  U.S.C. Section 109(h)(1).

23      2.  Debtor is an individual and did not obtain the requisite

24  counseling services within the statutory period.

25      3.  The counseling is not required if the services are not

26  available in the District.  Section 109(h)(2).

27      4.  The credit counseling requirements do not apply in

28  circumstances where the debtor submits a certification that (i)

29  describes exigent circumstances that merit a waiver; (ii) states that

30  debtor requested credit counseling but was unable to obtain the

31  counseling during the 5-day period beginning on the date which the

32  request was made; and (iii) is satisfactory to the court.  Section

33  109(h)(3).

34      5.  Debtor has made no such certification and is not able to do

35  so as he did not request such counseling services at any time prior

Law Offices
of
David N. Chandler, p.c.
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

36

2

E.R.20

1  to the date of filing the case.

2      6.    In any case, the Debtor must meet the requirement within 30

3  days of filing the case.  The time may be extended by the Court up to

4  an additional 15 days.  Section 109(h)(3)(B).  More than 45 days have

5  elapsed since the filing of the case.  It is too late to apply for an

6  exemption even if sufficient grounds existed.

7      7.    Published   decisions   are   divided   as   to   whether   the

8  requirements of Section 109(h) are procedural as to eligibility or

9  jurisdictional.  *Jurisdictional*, In re Hawkins, 34 B.R. 642 (Bktcy.

10  D.D.C. 2006); In re Mills, 341 B.R. 106 (Bktcy. D.D.C. 2006).

11  *Eligibility procedural*, In re Mingueta, 338 B.R. 833 (C.D. Cal.

12  2006); In re Davenport, 335 B.R. 218 (M.D.Fla 2005).

13      8.    The Bankruptcy Courts are divided as to whether the

14  Petition must be stricken or dismissed.  *Stricken*, In re Hubbard, 33

15  B.R. 377 (Bktcy. S.D.Tex. 2005); In re Elemndorf, 345 B.R. 486

16  (Bktcy. S.D.N.Y. 2006).  *Dismissed*, In re Kimsel, 2006 WL 2380684

17  (Bktcy D.Haw. 2006); In re Dillard, 2006 WL 3658485 (Bktcy. M.D.Ga.

18  2006).

19      9.    Some Courts draw no practical distinction between dismissal

20  and striking the petition.  See, In re Salazar, 339 B.R.622 (Bktcy.

21  S.D.Tex. 2006).  The majority of published opinions favor dismissal

22  where the debtor is ineligible due to Section 109(h) noncompliance.

23      10.   The decisions published to date support the proposition

24  that a case commenced by an ineligible debtor must be dismissed or

25  the petition stricken.  In re Dixon, 338 B.R. 383 (B.A.P. 8th Cir.,

26  2006); In re Afolabi, 343 B.R. 195 (Bktcy. S.D.Ind. 2006); In re

27  Carr, 344 B.R. 774 (N.D.W.Va. 2006); In re Wallace, 338 B.R. 399

28  (E.D.Ark. 2006).

29      11.   The Debtor herein commenced the case without obtaining the

30  credit counseling and without attempting to do so.  The time for

31  applying for a waiver has expired.  This Debtor is not eligible to be

32  a debtor by the plain reading of Section 109(h).  The case should be

33  dismissed.

34      WHEREFORE, Debtor prays for an Order of this Court dismissing

35  the within case based upon Debtor's ineligibility and for such other

36

Law Offices
of
David N. Chandler, p.c.
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

3

E.R.21

1 | and further relief as the Court deems just and proper.

2

3 | Dated:      3/6/07                          DAVID N. CHANDLER, p.c.

4

5                                            By: /s/ David N. Chandler
                                             DAVID N. CHANDLER,
6                                            Attorney for Debtor

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

33

34

35

Law Offices
of
David N. Chandler, p.c.    36
.1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

4

```
 1  David N. Chandler, Sr.    SBN 60780
    David N. Chandler, Jr.    SBN 235427
 2  DAVID N. CHANDLER, P.C.
    1747 Fourth Street
 3  Santa Rosa, CA  95404
    Telephone: (707) 528-4331
 4
    Attorneys for Debtor
 5
 6              UNITED STATES BANKRUPTCY COURT
                NORTHERN DISTRICT OF CALIFORNIA
 7
    IN RE:                    )   Case No.  06-10697
 8                            )
    STEWART JAY WARREN,        )   Chapter 7
 9                            )
                             )   NOTICE OF HEARING ON
10      DEBTOR._____)   MOTION FOR ORDER OF DISMISSAL
                                 Date:   April 6, 2007
11                               Time:   9:00 a.m.
                                 Place:  99 South E St.
12                                       Santa Rosa, CA
13
        TO: ALL PARTIES IN INTEREST:
14
        PLEASE TAKE NOTICE that Stewart Jay Warren, Debtor herein, will
15
    on April 6, 2007 at the hour of 9:00 a.m., and does hereby move the
16
    above entitled Court located at 99 South E Street, Santa Rosa,
17
    California, for an Order Dismissing the within case.
18
        Said Motion will be made on the grounds that the Debtor is not
19
    eligible to be a Debtor under Title 11 as Debtor has failed to obtain
20
    credit counseling prior to commencement of the case and failed to
21
    obtain an exemption within the time prescribed by law, all as set
22
    forth in the Motion, and pleadings on file with the Court.
23
24
    Dated:    3/7/07              DAVID N. CHANDLER, P.C.
25
26
                                  By: /s/ David N. Chandler
27                                DAVID N. CHANDLER,
                                  Attorney for Debtor
28
29
30
31
32
33
34
35
36
```

Law Offices
of
David N. Chandler, p.c.
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

E.R.23

1

CERTIFICATE OF SERVICE

2    I am a citizen of the United States, and over the age of
3 eighteen (18) years, employed at 1747 Fourth Street, Santa Rosa,
4 California, and not a party to the within action.

5    On March 7, 2007, I served a copy of the following documents:
6 NOTICE OF HEARING ON MOTION FOR ORDER OF DISMISSAL on the interested
7 parties in said action by placing a true copy thereof enclosed in a
8 sealed envelope with postage thereon fully prepaid in the United
9 States post office mail box at Santa Rosa, California, addressed as
10 follows:

11 (SEE ATTACHED)

12    I, JANE F. KAMAS, declare under penalty of perjury that the
13 foregoing is true and correct.

14    Executed on March 7, 2007, Santa Rosa, California.

15
16                    /s/ Jane F. Kamas
                    JANE F. KAMAS
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36

Law Offices
of
David N. Chandler, p.c.
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

Label Matrix for local noticing
0971-1
Case 06-10697
Northern District of California
Santa Rosa
Wed Mar  7 10:39:41 PST 2007

CA-Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

David N. Chandler
Law Offices of David N. Chandler
1747 4th St.
Santa Rosa, CA 95404

County of Los Angeles
Child Support Services Dept.
2934 East Garvey Ave.
South Suite #100
West Covina  CA  91791

Exchange Bank
440 Aviation Blvd.
Santa Rosa, CA  95403

Franchise Tax Board
Bankruptcy Group
P.O. Box 2952
Sacramento, CA 95812-2952

Office of the U.S. Trustee / SR
235 Pine Street
Suite 700
San Francisco, CA 94104

James A. Shepherd
U.S. Trustee Office
235 Pine St. #700
San Francisco, CA 94104

State of California
California Dept. of Child Support Svcs.
Child Support Collections
P.O. Box 989069
West Sacramento, CA  95798

Sutter Medical Hospital
3325 Chanate Rd.
Santa Rosa, CA  95404

Stewart Jay Warren
415 Wilson Ln.
Windsor, CA 95492

Andrea A. Wirum
P.O. Box 1108
Lafayette, CA 94549

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Alan Jaroslovsky

End of Label Matrix
Mailable recipients    11
Bypassed recipients     1
Total                  12

1  DONNA TAMANAHA, Assistant U.S. Trustee (WI#1013199)
   PATRICIA A. CUTLER, Trial Attorney (#50352)
2  EDWARD G. MYRTLE, Trial Attorney (DC#375913)
   JULIE M. GLOSSON, Trial Attorney (#230709)
3  JAMES A. SHEPHERD, Trial Attorney (DC#476306)
   U.S. Department of Justice
4  Office of the United States Trustee
   235 Pine Street, Suite 700
5  San Francisco, CA 94104
   Telephone: (415) 705-3333
6  Facsimile: (415) 705-3379

7  Attorneys for Acting United States Trustee
   SARA L. KISTLER
8

9                    UNITED STATES BANKRUPTCY COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11 In re:                              )   No. 06-10697 AJ
                                       )
12                                     )   Chapter 7
   STEWART JAY WARREN,                 )
13                                     )   Date:   April 6, 2007
                                       )   Time:   9:00 a.m.
14            Debtor.                   )   Ctrm:   Hon. Alan Jaroslovsky
                                       )           99 South "E" Street
15 ─────────────────────────────────  )           Santa Rosa, CA

16

17              UNITED STATES TRUSTEE'S OPPOSITION TO
                DEBTOR'S MOTION FOR ORDER OF DISMISSAL

18        COMES NOW Sara L. Kistler, the Acting United States Trustee for Region 17, and pursuant to

19 Section 307 of the United States Bankruptcy Code and 28 U.S.C. Section 586(a), states her opposition

20 to debtor's motion for an order dismissing this case under Section 109(h) of the Bankruptcy Code.

21        In October 2006, Debtor filed a "bare bones" voluntary petition for chapter 7 relief in this court.

22 Since that time, he has refused to file his schedules, statement of financial affairs, Statement of Current

23 Monthly Income and Means Test Calculation, or any other required documents.  Now, after nearly five

24 months under the protection of the automatic stay, debtor seeks to dismiss his case for failing to satisfy

25 the credit counseling requirements set forth in Section 109(h).

26        Debtors' motion should be denied for two separate and distinct reasons.  First, Debtor has

27 flouted the judicial process from the outset of this case.  Debtor's behavior should not be rewarded by

28

US TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION FOR ORDER OF DISMISSAL                              -1-

1    having his case dismissed at this juncture.  Second, as a matter of law, 11 U.S.C. § 109(h) does not

2    require dismissal under the facts of this case.

3                                    **I. STATEMENT OF RELEVANT FACTS**

4            On October 11, 2006 ("Petition Date"), the above-captioned debtor ("Debtor"), *in pro per*, filed

5    a "bare bones" voluntary petition for relief under chapter 7 of title 11 of the United States Code

6    ("Bankruptcy Code"), along with a creditors matrix listing four entities.  No Schedules, Statement of

7    Financial Affairs, Statement of Current Monthly Income, or any other accompanying documents were

8    filed.  Andrea Wirum was appointed chapter 7 trustee.

9            On the day Debtor filed his chapter 7 petition and creditor matrix, the Court issued its Order For

10   Individuals to File Required Documents and Notice Regarding Automatic Dismissal ("Order for

11   Documents"), providing that Debtor's case could be dismissed unless he filed his schedules, SOFA,

12   and various other bankruptcy documents within 15 days of the order.  The Debtor did not file his

13   Schedules or SOFA or any other required documents during the 19 days after entry of the Order For

14   Documents.  On October 30, 2006, the Court entered an Order For Hearing Re: Sanctions ("Show

15   Cause Order"), which required Debtor to appear for a hearing on November 19, 2006 to determine

16   appropriate sanctions for his failure to abide by the Order for Documents.

17           Debtor's first meeting of creditors was scheduled for November 8, 2006, but he did not appear

18   and the meeting was continued to November 29, 2006.  *See* Declaration of Andrea A. Wirum in

19   Support of United States Trustee's Second Motion to Extend Deadlines, docketed on March 9, 2007

20   ("Wirum Declaration"), p.2.[1]  On November 15, 2006, Ms. Wirum  filed a response to the Show Cause

21   Order stating that Debtor had not appeared for his 341 meeting.  She also reported that, on November

22   14, 2006, a representative of Exchange Bank contacted her to report that it was holding over $93,000 in

23   Debtor's bank account, that the bank had been prepared to turn over the funds in response to a levy

24   related to the Debtor's unpaid domestic support obligations, but that the filing of Debtor's chapter 7

25   petition had intervened.

26           The Debtor did not appear at the November 17, 2006 hearing on the Show Cause Order.

27

28           [1]  A courtesy copy of the Wirum Declaration is attached hereto as Exhibit 1 and filed concurrently.

1    Undersigned counsel for the UST appeared and urged the Court not to dismiss the case until Debtor's

2    financial affairs could be investigated.  The Show Cause Order was taken off calendar.

3        Debtor appeared at his continued 341 meeting on November 29, 2006, but he still had not filed

4    any bankruptcy documents other than his petition and creditor matrix.  See Wirum Declaration pp. 2-3.

5    At the November 29 meeting of creditors, Debtor represented that he had prepared and would be filing

6    his Schedules and SOFA shortly.  See id.  Ms. Wirum recalls that the Debtor represented to her that he

7    had no creditors.  See id.  Debtor's 341 hearing was continued to December 18, 2006.[2]

8        Debtor did not appear for his continued 341 meeting on December 18, 2006.  On December 19,

9    2006, Ms. Wirum sent Debtor a letter informing him that his 341 was continued to January 10, 2007.  A

10   copy of the December 19, 2006 letter is attached as Exhibit 1 to the Wirum Declaration.  On December

11   21, 2006, Ms. Wirum received a check from Exchange Bank in the amount of $93,330.46.  See Wirum

12   Declaration, p. 2.

13       Debtor failed to appear at his January 10, 2007 continued 341 meeting.  On January 11, 2006,

14   Ms. Wirum sent Debtor a letter informing him that his 341 was continued to February 7, 2007.  A copy

15   of the January 11, 2007 letter is attached as Exhibit 2 to the Wirum Declaration.  Debtor failed to

16   appear at the 341 meeting scheduled on February 7, 2007.  At the end of Ms. Wirum's 341 hearings

17   that day, a woman identifying herself as Debtor's girlfriend advised that he was planning to meet with

18   counsel[3] about his case and that counsel would be assisting Debtor with the filing of his schedules and

19   statement of financial affairs.  Id., p. 3.  The meeting was continued to March 7, 2007.

20       At his 341 hearing on March 7, 2007, Debtor appeared with counsel, David Chandler, but he

21   did not testify.  Mr. Chandler advised that Debtor's presence should not be construed as an

22   acquiescence to jurisdiction.  See Wirum Declaration, p.3.  The 341 meeting was continued to April 4,

23   2007.

24

25       [2] The United States Trustee has ordered the transcript of the 341(a) meeting and will file the transcript

26   when it is received.

27       [3] That counsel was not Debtor's current counsel, David Chandler.

28

1

## II. APPLICABLE STATUTES

Section 109(h) of the Bankruptcy Code requires that each individual debtor obtain prepetition credit counseling unless certain statutory exceptions apply. Specifically, section 109(h) provides that:

(h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

(2)(A) Paragraph (1) shall not apply with respect to a debtor who resides in a district for which the United States trustee (or the bankruptcy administrator, if any) determines that the approved nonprofit budget and credit counseling agencies for such district are not reasonably able to provide adequate services to the additional individuals who would otherwise seek credit counseling from such agencies by reason of the requirements of paragraph (1).

(B) The United States trustee (or the bankruptcy administrator, if any) who makes a determination described in subparagraph (A) shall review such determination not later than 1 year after the date of such determination, and not less frequently than annually thereafter. Notwithstanding the preceding sentence, a nonprofit budget and credit counseling agency may be disapproved by the United States trustee (or the bankruptcy administrator, if any) at any time.

(3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that--

(i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and

(iii) is satisfactory to the court.

(B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

(4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of

mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

11 U.S.C. § 109(h).

The District Courts' jurisdiction over bankruptcy cases is set forth in 28 U.S.C. § 1334 and 28 U.S.C. § 157. Section 1334 reads, in relevant part, that "the district courts shall have original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b). Section 157 reads, in relevant part:

> a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under [28 U.S.C. § 158].

28 U.S.C. § 157(a), (b).

## III. ARGUMENT

### A. Debtor's Abuse of the Bankruptcy Process Bars Dismissal at This Juncture.

Debtor's conduct in this bankruptcy case amounts to a wholesale abuse of bankruptcy process. He sought and received bankruptcy protection in October, 2006, and later indicated his intention to file schedules and statement of financial affairs. He failed to file these documents in defiance of the requirements of Section 521 and this Court's Order for Documents. Debtor was ordered to appear in court on November 17, 2006, to explain why he should not be sanctioned or have his case dismissed for failing to file his schedules and statement of affairs, but he did not appear. Debtor's Section 341 meeting of creditors had to be continued numerous times and not until March, 2007 did he request dismissal of his case.

After benefitting from bankruptcy protection for nearly five months, the Debtor requests dismissal based on a brand new assertion that he was ineligible to be a debtor in the first place. Debtor's duty to provide honest and complete disclosure of his financial condition is the "price" each

1    debtor must pay for obtaining bankruptcy relief. The Court should not allow Debtor to skirt that duty

2    on the basis of a new-found theory regarding his eligibility as a debtor.

3        Even if the Court accepts Debtor's assertion that he was unaware of the credit counseling

4    requirement until February 23, 2007,[4] Debtor nevertheless invoked bankruptcy protection voluntarily

5    and enjoyed its benefits for nearly five months, indicating along the way that he intended to file

6    schedules. Debtor should not now be given the inconsistent benefit of exiting the bankruptcy process

7    without having to disclose his assets, liabilities, and financial condition.

8        Debtors have an absolute duty to file complete and accurate schedules. See Cusano v. Klein,

9    264 F.3d 936, 946 (9th Cir.2001). Full and honest disclosure is critical to the integrity of the

10   bankruptcy process. See In re Rolland, 317 B.R. 402, 413 (Bankr. C.D. Cal. 2004). Courts have

11   looked darkly on debtors who take a selective or strategic approach to their disclosures. See, e.g., In re

12   Boher, 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001) ("A debtor may not adopt a cavalier attitude toward

13   his the accuracy of his schedules by arguing that they are not precise and correct.") (internal citation

14   omitted).

15       This case is no different. Debtor has enjoyed the benefit of the automatic stay, caused the

16   chapter 7 trustee to actively work this case, promised that his schedules and statement of affairs would

17   be forthcoming, and prompted the use of court resources. To credit his new position that this case

18   should be dismissed for the debtor's failure to comply with Section 109(h) would ill serve the integrity

19   of the bankruptcy system.

20   **B.    Alternatively, the Debtors' Request For Dismissal Should be Denied Because the Facts of**

21   **This Case Do Not Require Dismissal Under Section 109(h)**

22       Even if the Court determines that it must reach the statutory merits of Debtor's Section 109(h)

23   request for dismissal, the request must fail in light of the statute's proper operation. Under the facts of

24   this case, dismissal is not required as a matter of law.[5]

25   _____

26   [4] See Declaration of Stewart Jay Warren, submitted with his Motion to Dismiss, at par. 4.

27   [5] Although Debtors' case should not trigger dismissal under § 109(h), there are other means for

28   schedules and statement of financial affairs, an action for dismissal under §§ 707(a) or 707(b) or an objection to

1      The majority and most well-reasoned view is that while the credit counseling requirements are

2 mandatory, they are not jurisdictional. See In re Parker, 351 B.R. at 796 (citing, among other

3 authorities, 2 Alan N. Resnick and Henry J. Somer, Collier on Bankruptcy ¶ 109.01[2] at 109-6.2.); but

4 see, In re Elmendorf, 385 B.R. 486 (Bankr. S.D.N.Y. 2006) (court may "strike" petition where debtor is

5 ineligible under § 109(h)). Instead, failure to obtain credit counseling or to qualify for a statutory

6 waiver is cause to dismiss a case under Section 707(a). See In re Romero, 349 B.R. 616, 618 (Bankr.

7 N.D.Cal. 2006) ("If a debtor files a bankruptcy petition without obtaining [credit] counseling, the case

8 must be dismissed unless the debtor obtains a temporary or permanent waiver of the credit counseling

9 requirement."). Here, the Court should decline to dismiss this case to prevent the injustice of the

10 Debtor reaping the benefits of months of bankruptcy protection without fulfilling his duties as a debtor.

11      An ill-advised decision to permit Debtor to exploit the eligibility requirement of Section 109(h)

12 would also have adverse ramifications on the proper operation of other sections of the Bankruptcy

13 Code. This would deprive creditors of the opportunity to seek a dismissal with other conditions, such

14 as dismissal pursuant to Section 109(g) or Section 349(a). In each of those sections, the Court may

15 determine that a debtor's conduct should limit his or her access to the court or to the discharge of

16 certain debts. By seeking his own dismissal, Debtor would unfairly evade the application of such

17 provisions to his future filings.

18      WHEREFORE, the Acting United States Trustee hereby requests that this Court enter an order

19 (i) denying Debtor's motion for an order dismissing this case; and (ii) granting such other relief as the

20 Court deems just and proper.

21 Dated: March 22, 2007                Respectfully submitted,

22                               Sara L. Kistler, Acting United States Trustee

23

24                            By:  _/s/ James A. Shepherd (DC#476306)_

                                Trial Attorney

25

26

27 _____

discharge under § 727(c)(1) may be appropriate.

28

# EXHIBIT 1

1 | DONNA TAMANAHA. Assistant U.S. Trustee (WI#1013199)
PATRICIA A. CUTLER, Trial Attorney (#50352)
2 | EDWARD G. MYRTLE. Trial Attorney (DC#375913)
JULIE M. GLOSSON, Trial Attorney (#230709)
3 | JAMES A. SHEPHERD, Trial Attorney (DC#476306)
U.S. Department of Justice
4 | Office of the United States Trustee
235 Pine Street, Suite 700
5 | San Francisco, CA 94104
Telephone: (415) 705-3333
6 | Facsimile: (415) 705-3379

7 | Attorneys for Acting United States Trustee
SARA L. KISTLER

8 |

## UNITED STATES BANKRUPTCY COURT

9 |

## NORTHERN DISTRICT OF CALIFORNIA

10 |

In re:                                    )   No. 06-10697 AJ
11 |                                        )
                                           )   Chapter 7
12 | STEWART JAY WARREN.                     )
                                           )   (NO HEARING SET)
13 |                                        )
              Debtor,                       )
14 |                                        )
_____   )

15 |

### DECLARATION OF ANDREA A. WIRUM IN SUPPORT
16 | OF UNITED STATES TRUSTEE'S SECOND MOTION TO
EXTEND DEADLINES

17 |

18 |        I, Andrea A. Wirum, declare:

19 |        1.        I am the chapter 7 trustee for the bankruptcy case. In re Stewart Jay Warren, Case No.

20 | 06-10697 ("This Case").

21 |        2.        I make this declaration based on my own personal knowledge of the facts of This Case.

22 |        3.        I have served as the chapter 7 trustee of This Case since its commencement on October

23 | 11, 2006.

24 |        4.        Despite this Court's Order (**Order for Individuals to File Required Documents and**

25 | **Notice Regarding Automatic Dismissal**, filed on October 11, 2006), requiring the filing of bankruptcy

26 | documents, the Debtor has failed to file schedules and statements required under 11 U.S.C. § 521.

27 |        5.        In connection with the failure to file schedules, this Court also ordered a hearing re:

28 |

DECLARATION OF ANDREA A. WIRUM IN SUPPORT OF UNITED STATES TRUSTEE'S
SECOND MOTION TO EXTEND DEADLINES                                                    -1-

E.R.33

sanctions based upon the Debtor's failure to timely file schedules and statements. **Order for Hearing Re: Sanctions**. filed on October 30, 2006.

6.     I had become aware of the existence of substantial assets in this case, $93,000 held in one of the Debtor's bank accounts, as well as recent transfers of real property in the last two to three years.

7.     I therefore asked the Court to keep the case open by filing on November 15, 2006, a **Response to Order for Hearing Re: Sanctions and Request Court to Refrain from Dismiss Case.**

8.     On December 21, 2006, I took possession of funds in the amount of $93,217.65, which I received from the Exchange Bank.

9.     With respect to attendance at 341 meetings, the following is a chronology of the scheduled meetings and disposition:

| 341 meeting date | Disposition |
|---|---|
| 11/08/06, 10:00 am | No appearance, continued to 11/29/06 |
| 11/29/06, 10:00 am | Debtor appeared and said he would file schedules, Meeting continued to 12/18/06 |
| 12/18/06, 10:00 am | No appearance, meeting continued to 1/10/07; Debtor notified of continued meeting by mail |
| 1/10/07, 10:00 am | No appearance, meeting continued to 2/7/07; Debtor notified of continued meeting by mail |
| 2/7/07, 10:00 am | No appearance, continued to 3/7/07; someone claiming to be Debtor's girlfriend advised that attorney was assisting Debtor with preparation of schedules, statements |
| 3/7/07, 10:00 am | No testimony from the Debtor |

10.     I understand that a transcript of the 341 meetings attended by the Debtors have been ordered. It is my recollection that at the November 29th meeting, I advised the Debtor of his obligation to file schedules and statement, and he indicated that he would do so. It is also my recollection that the Debtor stated that he had no creditors.

DECLARATION OF ANDREA A. WIRUM IN SUPPORT OF UNITED STATES TRUSTEE'S
SECOND MOTION TO EXTEND DEADLINES                                                -2-

E.R.34

1       11.    At the end of the February 7th session of 341 meetings. someone who identified herself

2 as the Debtor's girlfriend advised me that the Debtor was planning to meet with Miles Dresslove about

3 the case and she thought Mr. Dresslove would be assisting in the filing of the schedules and statements.

4       12.    Before the March 7, 2007. meeting of creditors, David Chandler advised me that he was

5 not going to let the Debtor testify at the meeting.  Mr. Chandler advised that he did not want the

6 Debtor's appearance to be construed as an acquiescence to jurisdiction.

7       12.    I have attached true and correct copies of correspondence sent to the Debtor advising

8 him of continued 341 meetings, as follows:

9            Exhibit 1 - Letter dated 12/19/06

10            Exhibit 2 - Letter dated 1/11/07

11       13.    I believe that the Debtor's compliance with his statutory duties – filing schedules and

12 statements and submitting to an examination – is necessary for an expeditious and economical

13 resolution of this case.

14       14.    Without the Debtor's compliance. I also believe it is necessary to extend all deadlines,

15 pending each party having an opportunity to explore what, if any, sanctions or enforcement actions, or

16 resolution may be pursued in the best interests of the creditors and the estate.

17       I declare under penalty of perjury that the foregoing statements are true and correct, and, if

18 called upon to testify thereon as a witness. I would be competent to so testify.

19       Executed this 8th day of March. 2007. at Orinda, California.

20

21                    Andrea A. Wirum

22

23

24

25

26

27

28

DECLARATION OF ANDREA A. WIRUM IN SUPPORT OF UNITED STATES TRUSTEE'S
SECOND MOTION TO EXTEND DEADLINES

-3-

1  DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
   PATRICIA A. CUTLER, Trial Attorney (#50352)
2  EDWARD G. MYRTLE, Trial Attorney (DC#375913)
   JULIE M. GLOSSON, Trial Attorney (#230709)
3  JAMES A. SHEPHERD, Trial Attorney (DC#476306)
4  U.S. Department of Justice
   Office of the United States Trustee
5  235 Pine Street, Suite 700
   San Francisco, CA 94104
6  Telephone: (415) 705-3333
7  Facsimile: (415) 705-3379

8  Attorneys for Acting United States Trustee
   SARA L. KISTLER
9
10              UNITED STATES BANKRUPTCY COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12  In re:                        )   No. 06-10697 AJ
                                  )
13                                )   Chapter 7
                                  )
14  STEWART JAY WARREN,           )
                                  )   Date:  April 6, 2007
15                                )   Time:  9:00 a.m.
                                  )   Ctrm:  Hon. Alan Jaroslovsky
16            Debtor.             )          99 South "E" Street
                                  )          Santa Rosa, CA
17  _____)

18              SUPPLEMENTAL EXHIBITS IN
       SUPPORT OF UNITED STATES TRUSTEE'S OPPOSITION
19      TO DEBTOR'S MOTION FOR ORDER OF DISMISSAL

20        Attached hereto are Exhibit 1 and Exhibit 2 to the Declaration of Andrea Wirum in Support of
21  United States Trustee's Second Motion to Extend Deadlines ("Wirum Declaration"), which was
    referenced in the United States Trustee's Opposition to Debtor's Motion for Order of Dismissal. See
22  Docket #27. Due to inadvertence, the exhibits referenced below were not attached to the Wirum
23  Declaration:

24        EXHIBIT NO.              DESCRIPTION
              1.                   Letter dated 12/19/06
25            2.                   Letter dated 1/11/07.

26  Dated: March 27, 2007               Sara L. Kistler, Acting United States Trustee

27                                By: /s/ James A. Shepherd (DC#476306)
28                                      Trial Attorney

SUPPLEMENTAL EXHIBITS IN SUPPORT OF UNITED STATES TRUSTEE'S OPPOSITION TO DEBTOR'S
MOTION FOR ORDER OF DISMISSAL                                    E.R.36        - 1 -

EXHIBIT 1

# EXHIBIT 1

## ANDREA A. WIRUM
### TRUSTEE

P.O. Box 1108
Lafayette, CA 94549

Telephone (415) 294-7710
Facsimile (415) 294-7710
email: awirum@wirum.com

December 19, 2006

Stewart Jay Warren
415 Wilson Lane
Windsor, CA 95492

Re:   Stewart Jay Warren Bankruptcy
      Case No. 06-10697

Dear Mr. Warren:

Your continued Meeting of Creditors was scheduled for December 18, 2006. You failed to appear at that scheduled meeting. Your case has been continued to **January 10, 2007, at 10:00 a.m.** at the U. S. Trustee's hearing room, 777 Sonoma Avenue, Room 116, Santa Rosa, California.

Yours very truly,

Donna Campion

Donna Campion, Assistant to
Andrea A. Wirum, Trustee

:dc

# EXHIBIT 2

EXHIBIT 2

## ANDREA A. WIRUM
### TRUSTEE

P.O. Box 1108
Lafayette, CA 94549

Telephone (415) 294-7710
Facsimile (415) 294-7710
email: awirum@wirum.com

January 11, 2007

Stewart Jay Warren
415 Wilson Lane
Windsor, CA 95492

Re:     Stewart Jay Warren Bankruptcy
        Case No. 06-10697

Dear Mr. Warren:

Your continued Meeting of Creditors was scheduled for January 10, 2007. You failed to appear at that scheduled meeting.  Your case has been continued to **February 7, 2007 at 10:00a.m.** at the U. S. Trustee's hearing room, 777 Sonoma Avenue, Room 116, Santa Rosa, California.

Thank you for your attention to this matter.

Yours very truly,

*Donna Campion*

Donna Campion, Assistant to
Andrea A. Wirum, Trustee

:dc

E.R.38

# EXHIBIT A



OFFICE OF THE UNITED STATES TRUSTEE

COMPONENT OF THE UNITED STATES DEPARTMENT OF JUSTICE

---o0o---

In re                         )

                           )

STEWART JAY WARREN      )     Case No. 06-10697

                           )

                           )

                           )

         Debtor.             )

_____ )

---o0o---

EXCERPT OF TRANSCRIPT FROM TAPED PROCEEDINGS

341 MEETING OF CREDITORS

---o0o---

ANDREA WIRUM, PRESIDING

San Francisco, California

Wednesday, November 29, 2006

---o0o---

**DIAMOND COURT REPORTERS**
1107 - 2ⁿᵈ Street, Suite 210., Sacramento, CA 95814
(916) 498-9288

E.R.39

1

<u>PROCEEDINGS</u>

-o0o-

[TRANSCRIBER'S NOTE: Some comments were inaudible due to individuals speaking at the same time.]

-o0o-

MS. WIRUM: Case 06-10697, Stewart Jay Warren. Thank you for appearing today, Mr. Warren.

MR. WARREN: You're welcome.

MS. WIRUM: Thank you. Could you please raise your right hand. Do you solemnly swear or affirm that the testimony you are about to give will be the truth, the whole truth and nothing but the truth.

MR. WARREN: I do.

MS. WIRUM: Thank you. Can you state your name and address for the record.

MR. WARREN: Stewart Jay Warren, 415 Mission Lane, Windsor, California 95492.

MS. WIRUM: I'm viewing a valid California identification card and an original Social Security card and the numbers are a match. Thank you, Mr. Warren.

MR. WARREN: Thank you.

MS. WIRUM: You can be seated. Mr. Warren, you and I have had

E.R.40

2

conversations about the fact that the court has required you to complete some

paperwork.

MR. WARREN: Yes.

MS. WIRUM: And I didn't know if you'd had a chance just in the

day that we'd spoken to complete any of that paperwork?

MR. WARREN: Yeah.

MS. WIRUM: Have you filed it with the court yet?

MR. WARREN: No.

MS. WIRUM: Okay. Are you going to do that today or in the next

couples of days?

MR. WARREN: Yes.

MS. WIRUM: Okay, great. Do you -- did you bring copies of what

you're going to file?

MR. WARREN: No, I haven't done the -- the documents yet.

MS. WIRUM: Okay. But you don't have any copies for me?

MR. WARREN: No.

MS. WIRUM: Okay. But I will get copies into the system once --

once they're, you know, once they get filed. And do you anticipate that they'll be filed

today?

MR. WARREN: That's what I'm planning to do, yeah.

MS. WIRUM: Okay.

3

1       MR. WARREN: You know, that person, Edward Morgan, --

2       MS. WIRUM: Yes, thank you.

3       MR. WARREN: -- that's -- what it was about was so that I could

4   settle the dispute with child support.

5       MS. WIRUM: Have you settled? Is this -- is this a copy that I can

6   have or is this your copy?

7

8       MR. WARREN: No, that's my only copy.

9       MS. WIRUM: Okay, well, then let me --

10      MR. WARREN: I've [inaudible] copies of everything.

11      MS. WIRUM: -- take some notes on this.

12

13      MR. WARREN: I -- I have -- what I have to do is I'm set to go to a

14  hearing next week down there.

15      MS. WIRUM: Okay.

16      MR. WARREN: But I have to go to L. A. to do it.

17

18      MS. WIRUM: Okay. I have filed, I don't know if they provided it

19  to you, a copy in -- they have filed a copy of what's called a Proof of Claim in the

20  bankruptcy case, asserting this amount.

21      MR. WARREN: The child support?

22      MS. WIRUM: Yes, yeah.

23

24      MR. WARREN: Okay.

25      MS. WIRUM: And what will happen is that I will need to deal with

4

1    that filing in -- with the assets that have been frozen, perhaps other assets.

2            MR. WARREN: Well, there's not even an audit.

3            MS. WIRUM: Okay.

4            MR. WARREN: And -- and they've proven that -- that the amounts

5    are wrong.

6

7            MS. WIRUM: Okay.

8            MR. WARREN: And I'm also -- there's more proof than that.

9            MS. WIRUM: Okay.

10           MR. WARREN: I've got proof that I had my daughter for a year

11   here from the school up here --

12

13           MS. WIRUM: Okay.

14           MR. WARREN: -- and then when she went back, she didn't go

15   back to stay with her mother for that -- so there's --

16           MS. WIRUM: When do you think --

17           MR. WARREN: -- a couple of years that are in dispute.

18

19           MS. WIRUM: -- so the hearing is next week down in Los Angeles?

20           MR. WARREN: I'm trying to get it scheduled down there.

21           MS. WIRUM: Okay.

22           MR. WARREN: I -- I have to go all the way down L. A. to do it.

23           MS. WIRUM: What -- what we'll need to do, I'm sorry you have

24   to do that, is they'll -- I will need to get results of that hearing, whether it's an order or

25

1 | Andrea A. Wirum
Chapter 7 Trustee
2 | P.O. Box 1108
Lafayette, CA 94549
3 | Telephone: 415-294-7710
Facsimile: 415-294-7710
4

5

6

7 | UNITED STATES BANKRUPTCY COURT

8 | NORTHERN DISTRICT OFCALIFORNIA

9

10 | In re:                                        Case No. 06-10697

11 | STEWART JAY WARREN                   Chapter 7

12 |                        Debtor         Date: April 6, 2007
                                          Time: 9:00 a.m.
13 |                                       Court: Hon. Alan Jaroslovsky
                                                 99 South "E" Street
14 |                                               Santa Rosa, CA

15 | **JOINDER IN SUPPORT OF UNITED STATES TRUSTEE'S OPPOSITION TO DEBTOR'S
MOTION FOR ORDER OF DISMISSAL**

16

17 |     Andrea A. Wirum, duly appointed Chapter 7 trustee herein, joins in the United States

18 | Trustee's Opposition to Debtor's Motion for Order of Dismissal for the reasons stated therein.  The

19 | Trustee will be out of town on the day of the hearing on Debtor's motion and unable to participate

20 | by telephone. The Trustee requests that the Court review a copy of her Response to Order for

21 | Hearing Re; Sanctions and Request Court to Refrain from Dismissing Case and Declaration in

22 | Support to Response to Order for Hearing Re; Sanctions and Request Court to Refrain from

23 | Dismissing Case, true and correct copies of which are attached as Exhibit A and B hereto, which

24 | provide background about the debtor's actions in this bankruptcy case.   Debtor has not filed

25 | Schedules of Assets and Liabilities and a Statement of Financial Affairs as required by the

26 | Bankruptcy Code.   The Debtor attempted to use the bankruptcy process to avoid having the

1

1    County of Los Angeles, Bureau of Family Support Operations seize funds related to past child

2    support from his bank account. When the Debtor was not successful in his ploy, (since the bank

3    holding the funds turned the funds over to the Trustee as a result of Mr. Warren's bankruptcy filing),

4    the Debtor no longer wished to be a debtor in this court. The Debtor has attempted to manipulate

5    the process and should not be rewarded for this attempt. He should be required to file Schedules of

6    Assets and Liabilities, a Statement of Financial Affairs, and provide other disclosure as necessary

7    so the Trustee can determine if the Debtor has other creditors and other assets which might be

8    administered for the benefit of those creditors.

9    Dated: March 28, 2007                              _____/s/_____

10                                                      Andrea A. Wirum, Trustee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT "A"

1  Andrea A. Wirum, State Bar. No. 095616
   Chapter 7 Trustee
2  P.O. Box 1108
   Lafayette, CA  94549
3  Telephone & Fax: (415) 294-7710

4

5

6

7

8

9

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

10  In re  STEWART JAY WARREN

11                    Debtor.

12

13

| | |
|---|---|
| Case No. 06-10697 |
| Chapter 7 |
| Date:  November 17, 2006 |
| Time:  9:00 a.m. |
| Court:  Santa Rosa |

14

15  **RESPONSE TO ORDER FOR HEARING RE: SANCTIONS AND REQUEST COURT TO
    REFRAIN FROM DISMISSING CASE**

16

17          Andrea Wirum, the duly appointed Chapter 7 Trustee herein, responds to the Court's

18  Order for Hearing Re: Sanctions as follows:

19          The Debtor has not filed Schedules of Assets and Liabilities and a Statement

20  of Financial Affairs and other required documents.  The Debtor also did not attend his

21  First Meeting of Creditors originally scheduled for November 8, 2006.  The Trustee

22  continued the Debtor's Meeting of Creditors to November 29, 2006.  The Trustee is

23  concerned that there may be assets which may be administered for the benefit of

24  creditors and requests that this Court refrain from immediately dismissing this case so

25  the Trustee may complete her investigation.

26          On November 14, 2006, the Trustee received a telephone call from a

27  representative of Exchange Bank.  The representative advised the Trustee that

28  Exchange Bank is holding approximately $93,000 of Debtor's funds in an account.  The

RESPONSE TO ORDER FOR HEARING RE: SANCTIONS AND
REQUEST COURT TO REFRAIN FROM DISMISSING CASE

representative of Exchange Bank further advised the Trustee that Exchange Bank was intending to turn over said funds in response to a levy related to unpaid domestic support obligations but the Chapter 7 petition was filed immediately prior to the turnover.

The Trustee has searched the public records for Sonoma County, the County in which Debtor resides. It appears that the Debtor has owned and transferred real property in the last two to three years and there are references in the public record to a Warren Trust. Given the fact that the Debtor has in excess of $93,000 in funds in Exchange Bank and also has owned and transferred real property in the recent past, the Trustee believes that the circumstances surrounding Debtor's filing of his Chapter 7 petition and the Debtor's financial situation should be investigated prior to the case being dismissed since there may be assets available for distribution to the Debtor's creditors.

Respectfully submitted under penalty of perjury this 15th day of November in Lafayette California.

/s/ Andrea A. Wirum
Andrea A. Wirum, Trustee

RESPONSE TO ORDER FOR HEARING RE; SANCTIONS AND
REQUEST COURT TO REFRAIN FROM DISMISSING CASE

1    Andrea A. Wirum
     Chapter 7 Trustee
2    P.O. Box 194143
     San Francisco, CA 94119
3    Telephone: 415-294-7710
     Facsimile: 415-294-7710

4

5

6

7                 UNITED STATES BANKRUPTCY COURT

                NORTHERN DISTRICT OFCALIFORNIA

8

9    STEWART JAY WARREN             Case No. 06-10697
                                  Chapter 7

10

11                                    Date: November 17, 2006
                                   Time: 9:00 a.m.
                   Debtor          Court: Santa Rosa

12

13                      __CERTIFICATE OF SERVICE__

14          I, Donna Campion, the undersigned, hereby declare as follows:

15    1.   I am over the age of 18 years.
     2.   I am employed in the City of Orinda, State of California and not a party to the within action.
16    3.   On November 15, 2006, at my place of business, I served a true copy the following
          documents:
17      RESPONSE TO ORDER FOR HEARING RE: SANCTIONS AND REQUEST COURT TO REFRAIN FROM
                                  DISMISSING CASE
18    By Mail: By placing a true copy in an envelope addressed as shown to the parties below.

19      Patricia Cutler
        Office of the United States Trustee
20      235 Pine Street, Suite 700
        San Francisco, Ca 94104-3401
21

     Stewart Warren
22      415 Wilson Ln.
        Windsor, Ca 95492
23

24          I declare under penalty of perjury under the laws of the State of California that the foregoing
   is true and correct.

25          Executed November 15, 2006 at Orinda, California.

26                                  _/s/ Donna Campion_

                                            1

EXHIBIT "B"

Andrea A. Wirum, State Bar. No. 095616
Chapter 7 Trustee
P.O. Box 1108
Lafayette, CA 94549
Telephone & Fax: (415) 294-7710

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re  STEWART JAY WARREN | Case No. 06-10697 |
| | Chapter 7 |
| Debtor. | |
| | Date:  November 17, 2006 |
| | Time:  9:00 a.m. |
| | Court:  Santa Rosa |

**DECLARATION IN SUPORT TO RESPONSE TO ORDER FOR HEARING RE: SANCTIONS
AND REQUEST COURT TO REFRAIN FROM DISMISSING CASE**

I, Andrea Wirum, declare as follows:

1. On November 15, 2006, I filed a Response to Order for Hearing Re: Sanctions and Request Court to Refrain from Dismissing Case requesting that the Court refrain from dismissing Case No. 06-10697, In re Stewart Jay Warren.

2. After I made the above filing, I received a telephone call from Cindy Perez of Exchange Bank. Ms. Perez was calling from a location away from her office and did not have the records in front of her. She advised me that prior to filing Chapter 7, the debtor maintained an account at Exchange Bank in the amount of approximately $180,000. She indicated that she could provide me with the exact balance when she returned to the office. When the Debtor was advised that Exchange Bank intended to honor the Order to Withhold Child Support Collection, a true and correct copy of

DECLARATION IN SUPPORT TO RESPONSE TO ORDER FOR HEARING RE; SANCTIONS AND
REQUEST COURT TO REFRAIN FROM DISMISSING CASE

E.R.49

which was provided to me by Exchange Bank and is attached hereto, he directed Exchange Bank not to honor the order and he withdrew the balance of his account.

3.  Ms. Perez did not have the records before her but she advises that the withdrawal of approximately $90,000 by the Debtor occurred after he filed his Chapter 7 petition.

Respectfully submitted under penalty of perjury this 15th day of November in Lafayette California.

/s/ Andrea A. Wirum
Andrea A. Wirum, Trustee

DECLARATION IN SUPPORT TO RESPONSE TO ORDER FOR HEARING RE; SANCTIONS AND
REQUEST COURT TO REFRAIN FROM DISMISSING CASE

E.R.50



# FAX COVER SHEET

DATE: 11/15/06          NUMBER OF PAGES (Inc. Cover Sheet): 3

| TO: | Andrea Whum | FROM: | Cyndi Perez |
|---|---|---|---|
| COMPANY NAME: | Bankruptcy Court | COMPANY NAME: | EXCHANGE BANK |
| FAX #: | 415-294-7710 | FAX #: | 707 524-3039 |
| TEL #: | 415-294-7710 | TEL: | 707 327-7190 |

**COMMENTS:**

Andrea,

Here's the original Order to Withhold & the modified order. Please call to discuss.

Cyndi

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee, or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately and return the original to Exchange Bank, P.O. Box 403, Santa Rosa, CA. 95402-0403 via the U.S. Postal Service. Thank you.

GO0226 Fax Cover Sheet (Rev. 11/01)

E.R.51



STATE OF CALIFORNIA - HEALTH AND HUMAN SERVICES AGENCY
CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES
**CHILD SUPPORT COLLECTIONS**
PO BOX 989069
WEST SACRAMENTO CA 95798 9069

NOTICE DATE: 09/25/06



TELEPHONE (866) 820-5408

# ORDER TO WITHHOLD -- CHILD SUPPORT COLLECTIONS

☐ Check this box and indicate new address on reverse

Account Number: CS-731-9112

Billing Number: 06-0020-3172

Participant Number:

06-0020-3172
EXCHANGE BANK
440 AVIATION BLVD
SANTA ROSA, CA 95403-1069

SSN: 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

Amount Due: $. 93,330.46

RETAIN FOR YOUR RECORDS

Debtor:

STEWART J WARREN
1415 WILSON LN
WINDSOR, CA 95492

We have issued this Order to Withhold to collect a past-due family support debt. You are required to withhold the debtor's assets at the time you receive this order up to the total amount due shown above. Do not withhold more than the amount due.

This order is directed against any credits or payments belonging to the debtor, such as:

. Deposits in financial institutions.
   including Individual Retirement Accounts (IRA)
   or Simplified Employee Pension Plans (SEP)

. Declared dividends, rents, royalties, deposits in vacation or holiday trust funds

. Stocks, bonds, mutual funds, etc.

. Any other personal property in your possession or under your control.

If you are unsure if the type of funds you possess are subject to collection for child support, please contact our office at the telephone number listed above

Refer to the "NOTICE" section on page 2 of this order if you have property other than cash, payments, or credits belonging to the debtor.

This Order to Withhold has been issued under authorization of Section 17453 of the California Family Code.

*To comply with this Order, please do the following:*

1. Freeze the debtor's assets up to the amount due shown above for 10 business days.

2. Immediately deliver page 3 of this notice to the debtor.

3. After the 10 business days, withhold the cash assets and make the check payable to:

   **Child Support Collections**
   *Please include the debtor's full name, account number and billing number as shown above*

   *Refer to page 2 if you are holding non-cash financial assets.*

4. Complete page 2 of this notice  Attach your payment to it and return both items to our office at the address shown at the top of this page.

   *NOTE: You must complete page 2 and return it to our office even if no payment is withheld.*

5. Advise any interested parties to present claims to the funds by calling our office at the telephone number shown above.

*Thank you for your cooperation.*

PAGE 1
DCSS 2000 MEO (REV 09 2006)

CHILD SUPPORT COLLECTIONS

Monday 16 of Oct 2006, Franchise Tax Board ->707 524 3039          Page 2 of 3



STATE OF CALIFORNIA – HEALTH AND HUMAN SERVICES AGENCY
CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES
CHILD SUPPORT COLLECTIONS
PO BOX 989009
WEST SACRAMENTO CA 95798 9009
(866) 320 5106

Notice Date: 10/13/2006

## MODIFICATION OF WITHHOLDING ORDER – CHILD SUPPORT COLLECTIONS

☐ Check this box and indicate new address on reverse.

EXCHANGE BANK
440 AVIATION BLVD
SANTA ROSA, CA 95403-1069

Account Number: C8-731-9112

Billing Number: 06-0020-3172

Participant Number:

SSN 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

Balance Due: 093,330.46

ADDRESSEE RCOPY

| DEBTOR STEWART J WARREN | BILLING NUMBER 06-0020-3172 |
| SOCIAL SECURITY NUMBER 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 | WITHHOLD ORDER DATE 09/25/2006 |
| ACCOUNT NUMBER C8-731-9112 | CASE NUMBER BL0010141 |
| AMOUNT DUE $93,330.46 | |

We are modifying the withholding order, bill number      0600203172      , directed
to you on   09/25/2006   . Please do the following:

☐   Withdraw the levy.

☐   Reduce the balance to $

☒   Delay withholding until          11/10/2006

☐   Modify the order to:

    Payment of

    Every

    Commencing

Please note that this modification is effective only for the Order to Withhold noted above. This modification does not
necessarily mean the liability has been satisfied.

PAYMENT        • Make check or money order payable to CHILD SUPPORT COLLECTIONS.
INSTRUCTIONS   • Write the debtor's full name, account number and billing number on the check or money order.
               • Enclose a copy of this notice with each payment you send.
               • Mail payment to the address listed at the top of this notice.

Please give page 2 of this notice to the debtor.
Thank you for your cooperation

PAGE 1
DCSS 0117 (REV 10-2005)

CHILD SUPPORT COLLECTIONS

1 | David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
2 | DAVID N. CHANDLER, P.C.
1747 Fourth Street
3 | Santa Rosa, CA  95404
Telephone: (707) 528-4331
4 |

5 | Attorneys for

6 | UNITED STATES BANKRUPTCY COURT

7 | NORTHERN DISTRICT OF CALIFORNIA

8 | IN RE:                        )    CASE NO. 06-10697
9 |                              )
STEWART JAY WARREN,           )    CHAPTER 7
10 |                             )
                             )    REQUEST FOR ENTRY OF ORDER OF
11 |     DEBTOR.                 )    DISMISSAL AND ORDER DENYING

12 |

13 |     TO: HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY

14 | JUDGE:

15 |     Stewart Jay Warren, Debtor herein, by and through counsel,

16 | hereby requests entry of Order of Dismissal pursuant to 11

17 | U.S.C. Section 521(i)(2) and represents as follows:

18 |     1.   Debtor was required to file Schedules, Statement of

19 | Affairs, payment advices, statement of monthly income and

20 | statement of anticipated increase or decrease in income or

21 | expenses within 45 days of the date of filing of the Petition.

22 |     2.   Debtor filed the Petition on October 11, 2006.  Debtor

23 | has failed to file the items required by Section 523(a) to be

24 | filed within 45 days.

25 |     3.   No party has filed a Motion to extend the time within

26 | the 45 days of the commencement of the case pursuant to Section

27 |

28 |                              1

1    523(i)(3) or (4).

2       4.   The within Request for entry of Order is made pursuant

3    to 11 U.S.C. Section 521(i)(2).

4       WHEREFORE, Debtor prays for entry of an Order Dismissing the

5    within case within five (5) days hereof and for such other and

6    further relief as the Court deems just and proper.

7

8    Dated:                         DAVID N. CHANDLER, p.c.

9

10                         By: /s/ David N. Chandler

11                         DAVID N. CHANDLER,
                          Attorney for Debtor

12

13                  ORDER

14       IT IS HEREBY ORDERED that this motion is denied, without

15    prejudice to renewal after a noticed motion and hearing. Time

16    is shortened to five days. The debtor shall be prepared to

17    address the issues raised by *In re Parker*, 351 B.R. 790

18    (Bkrtcy.N.D.Ga. 2006), and any similar cases dealing with the

19    debtor's right to insist on dismissal pursuant to § 521(i)(2)

20    of the Bankruptcy Code.

21    Dated: April 4, 2007

22

23                         Alan Jaroslovsky

24                         U.S. Bankruptcy Judge

25

26

27

28               2

Entered on Docket
April 09, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4

5

6

7      UNITED STATES BANKRUPTCY COURT

8      NORTHERN DISTRICT OF CALIFORNIA

9    In re

10   STEWART JAY WARREN,                              No. 06-10697

11                        Debtor(s).
                                        /

12                   Memorandum on Motions to Dismiss

13

14        Debtor Stewart Warren  filed his Chapter 7 petition on October 11, 2006, but failed to file any

15   schedules or statement of affairs or a certificate of credit counseling.   Independent investigation has led the

16   Chapter 7 trustee to believe that there may be significant assets in the estate, in that Warren had $93,000.00

17   in a bank account on the day he filed his petition, has engaged in real estate transactions within the past few

18   years, and may be the beneficiary of a trust.

19        Warren now has two motions to dismiss his case before the court: a noticed motion to dismiss on the

20   grounds that he was not eligible to file pursuant to  § 109(h)(1) of the Bankruptcy Code because he had no

21   consumer credit counseling, and an *ex parte* application to enter an order of dismissal pursuant to  § 521(i)(2)

22   on grounds that his case was dismissed automatically by operation of law on the 45th day after filing when he

23   did not file his schedules and statement of affairs.  In other words, Warren wants out of Chapter 7 based on

24   his own failures and misconduct.  The trustee and the U.S. Trustee object.

25        The court agrees with the analysis of Bankruptcy Judge Tchaikovsky in *In re Withers*, 2007 WL

26   628078 (Bkrtcy.N.D.Cal. 2007),  that dismissal is not mandated where the debtor is seeking to take

1

1   advantage of either § 109(h) or § 521(i) to the prejudice of his creditors. Judicial estoppel bars a debtor

2   from seeking dismissal under § 109(h), and § 521(i) does not require dismissal if the requirements to file

3   schedules and statement of affairs have been waived.

4       Accordingly, the court construes the trustee's Request to Refrain From Dismissing the Case filed on

5   November 15, 2006, as a motion to waive the requirement that the debtor file all of the papers specified in §

6   521(a)(1) and, as such, grants the relief *nunc pro tunc* to November 15, 2006.

7       The U.S. Trustee shall submit appropriate forms of order denying both the motion to dismiss and the

8   request for entry of an order of dismissal. The trustee shall submit a form of order waiving the requirement

9   that the debtor file the papers required by § 521(a)(1).

10

11   Dated: April 9, 2007

12

13

14                       Alan Jaroslovsky
                              U.S. Bankruptcy Judge

15

16

17

18

19

20

21

22

23

24

25

26

2.

Entered on Docket
April 13, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: April 13, 2007



_____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge

1  Andrea A. Wirum
   Chapter 7 Trustee
2  P.O. Box 1108
   Lafayette, CA 94549
3  Telephone: 415-294-7710
   Facsimile:  415-294-7710
4

5

6

7

8

9              UNITED STATES BANKRUPTCY COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11
   In re:                          │  Case No.  06-10697
12                                  │
   STEWART JAY  WARREN              │  Chapter 7
13                                  │
14                  Debtor          │
15
16
17     ORDER WAIVING DEBTOR TO FILE PAPERS REQUIRED BY § 521(a)(1)

18        On November 15, 2006 the Trustee, Andrea A. Wirum, filed a Request to Refrain from
   Dismissing the Case, requesting that the Court not dismiss this Chapter 7 case on the basis that
19 the Debtor has failed to file all of the papers required by § 521(a)(1) of the Bankruptcy Code.
   The Trustee now asks for an order waiving the requirement that the Debtor file all of the papers
20 specified by § 521(a)(1).

21        IT IS SO ORDERED:  the requirement that the Debtor file all of the papers specified in
   § 521(a)(1) is waived and, as such, the relief is granted *nunc pro tunc* to November 15, 2006.
22

                              *END OF ORDER*
23

24

25

26

                                                                  E.R.58

Entered on Docket
**April 20, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4

5

6      UNITED STATES BANKRUPTCY COURT

7      NORTHERN DISTRICT OF CALIFORNIA

8    In re:                                    )    Case No. 06-10697
                                              )
9    STEWART JAY WARREN,                       )    Chapter 7
                                              )
10                    Debtor.                   )
                                              )
11   _____ )

12   **ORDER DENYING DEBTOR'S MOTION TO**
     **DISMISS UNDER 11 U.S.C. § 109(h) AND *EX PARTE***
13   **REQUEST FOR DISMISSAL UNDER 11 U.S.C. § 521(i)**

14          This matter came on for hearing on April 6, 2007. David N. Chandler, Esq. appeared for the Debtor

15   and James A. Shepherd, Esq. appeared for the Acting United States Trustee. Following consideration of the

16   issues and the oral and written arguments of counsel, the Court issued its "Memorandum on Motions to

17   Dismiss" on April 9, 2007. For the reasons set forth therein and good cause appearing:

18          IT IS HEREBY ORDERED that the motion of Debtor Stewart Jay Warren to dismiss his case under

19   11 U.S.C. § 109(h) is DENIED; and

20          IT IS HEREBY FURTHER ORDERED that the Debtor's *ex parte* request for an order dismissing

21   his case under 11 U.S.C. § 521(i)(2) is DENIED.

22   Dated:  April 20, 2007

23

24

25                                             Alan Jaroslovsky
                                               U.S. Bankruptcy Judge
26

27

28

                                                                          E.R.59

1  David N. Chandler, Sr.    SBN 60780
   David N. Chandler, Jr.    SBN 235427
2  DAVID N. CHANDLER, p.c.
   1747 Fourth Street
3  Santa Rosa, CA  95404
   Telephone: (707) 528-4331
4
5  Attorneys for Debtor

                    UNITED STATES BANKRUPTCY COURT
6                    NORTHERN DISTRICT OF CALIFORNIA

7
   IN RE:                      )    Case No.  06-10697
8                              )
   STEWART JAY WARREN,         )    Chapter 7
9                              )
                               )
10     DEBTOR.                 )    NOTICE OF APPEAL

11

12      Stewart Jay Warren, Debtor herein, appeals to the U.S. District

13  Court from the Bankruptcy Court's Orders entered April 13, 2007, and

14  April 20, 2007.  The parties to the Orders appealed from and the

15  names and addresses of their respective attorneys are as follows:

16      1.    Stewart Jay Warren, Debtor,
                  Appellant
17
              Attorney for Appellant:
18
              David N. Chandler
19            David N. Chandler, p.c.
              1747 Fourth St.
20            Santa Rosa, CA 95404

21            (707) 528-4331

22
        2.    U.S. Trustee,
23                Appellee

24            Attorney for Appellee:

25            James A. Shepherd
              Office of the United States Trustee
26            235 Pine St., Ste. 700
              San Francisco, CA 94104
27
              (415) 705-3340
28

29      3.    Andrea Wirum, Chapter 7 Trustee
                  Appellee
30
              Attorney for Appellee:
31

32            Andrea Wirum, Trustee, pro per
              P.O. Box 1108
33            Lafayette, CA 94549

34            (415)294-7710

35

36

Law Offices
of
David N. Chandler, p.c.
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

1

E.R.60

1 | Dated:      4/23/07                          DAVID N. CHANDLER, p.c.

2

3                                               By: /s/ David N. Chandler
                                                DAVID N. CHANDLER,
4                                               Attorney for Debtor

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

33

34

35

36

Law Offices
of
David N. Chandler, p.c.
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

E.R.61