1  **James A. Shepherd** (DC#476306)
   Trial Attorney
2  Department of Justice
   Office of the United States Trustee
3  235 Pine Street, #700
   San Francisco, CA 94104
4  phone: (415) 705-3333
   fax: (415) 705-3379
5  email: james.a.shepherd@usdoj.gov

6  **Roberta A. DeAngelis**
   Acting General Counsel
7  **P. Matthew Sutko**
   **Knight Elsberry**
8  Office of the General Counsel
   Executive Office for United States Trustees
9  Department of Justice
   20 Massachusetts Avenue, NW
10 Washington, DC 20530
   phone: (202) 307-1399
11

12 Counsel for Sara L. Kistler,
   Acting United States Trustee

13                     **UNITED STATES DISTRICT COURT**
                       **NORTHERN DISTRICT OF CALIFORNIA**
14

15 In re:                              )
                                       )
16 STEWART JAY WARREN,                 )
                                       )    Bankruptcy Case No. 06-10697 AJ
17 Debtor.                             )
   _____        )
18                                     )
   STEWART JAY WARREN,                 )    Case No. CV 07-03244 CRB
19                                     )
   Debtor/Appellant,                   )
20                                     )
   v.                                  )    **Brief of the Appellee,**
21                                     )    **Acting United States Trustee**
   ANDREA A. WIRUM, TRUSTEE,           )
22                                     )
   -and-                               )
23                                     )
   SARA L. KISTLER, ACTING UNITED      )
24 STATES TRUSTEE FOR REGION 17,       )
                                       )
25 Appellees.                          )
   _____        )
26

27

28

# <u>TABLE OF CONTENTS</u>

**STATEMENT OF JURISDICTION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **- 1 -**

**STATEMENT OF THE ISSUES PRESENTED FOR REVIEW.** . . . . . . . . . . . . . . . . . . **- 1 -**

**STATEMENT OF THE CASE.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **- 2 -**

    I.  Nature of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **- 2 -**

    II.  Statutory Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **- 2 -**

    III.  Statement of Facts and the Proceedings Below. . . . . . . . . . . . . . . . . . . . . . . **- 5 -**

**SUMMARY OF ARGUMENT.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **- 10 -**

**STANDARD OF REVIEW.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **- 12 -**

**ARGUMENT.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **- 13 -**

    I.     The bankruptcy court acted within its express statutory authority under the circumstances when it waived the debtor's section 521(a)(1)(B) filing requirements, even after the 45-day period in section 521(i) had expired . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **- 13 -**

    II.    The bankruptcy court properly declined to dismiss the debtor's case under section 521(i) for his failure to file information that he was not required to provide, because the court had excused filing under section 521(a)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **- 16 -**

    III.   The bankruptcy court properly concluded that, under the circumstances, the debtor was judicially estopped to seek dismissal of his case under section 109(h) for failure to obtain or seek a waiver of pre-petition credit counseling. . . . . **- 18 -**

**CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **- 22 -**

1

## TABLE OF AUTHORITIES

2 **STATUTES**

3 11 U.S.C. 101. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

4 11 U.S.C. 109. . . . . . . - 1 -, - 2 -, - 4 -, - 5 -, - 8 -, - 9 -, - 11 -, - 12 -, - 13 -, - 17 -, - 18 -, - 20 -,

5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 21 -, - 22 -

6 11 U.S.C. 111. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 4 -

7 11 U.S.C. 301. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

8 11 U.S.C. 323, 541, 542, 544, 546. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 3 -

9 11 U.S.C. 341(a); 343. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 7 -

10 11 U.S.C. 349. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 3 -, - 17 -, - 20 -

11 11 U.S.C. 362. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 14 -, - 19 -, - 20 -

12 11 U.S.C. 365. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 14 -

13 11 U.S.C. 507. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 3 -

14 11 U.S.C. 521. . . . . . . . . . . . - 1 -, - 2 -, - 3 -, - 4 -, - 9 -, -10 -, - 11 -, - 12 -, - 13 -, - 14 -, - 15 -,

15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 16 -, - 17 -, - 22 -

16 11 U.S.C. 524, 727. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 3 -

17 11 U.S.C. 541. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

18 11 U.S.C. 544-551. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 3 -

19 11 U.S.C. 549. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 7 -, - 16 -

20 11 U.S.C. 550. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 7 -

21 11 U.S.C. 701. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

22 11 U.S.C. 704. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 3 -

23 11 U.S.C. 726. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 3 -

24 28 U.S.C. 1334. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 1 -

25 28 U.S.C. 157. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 1 -

26 28 U.S.C. 158. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 1 -

27 28 U.S.C. 581-589a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 5 -

28

1

**RULES**

2  Fed. R. Bankr. P. 2003(e).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

3  Fed. R. Bankr. P. 8001(a).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 1 -

4  Fed.R.Bankr.P. 1007 [Interim].. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 3 -

5

**CASES**

6  In re Ackerman, __ B.R. __, 2007 WL 2471473 (Bankr. W.D.N.Y. Aug. 23, 2007) . . . . . - 14 -

7  In re Bonham, 229 F.3d 750, 761 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 1 -

8  In re Castillo, 297 F.3d 940, 950 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 5 -

9  In re Elder, 325 B.R. 292, 296 (N.D. Cal. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 13 -

10  Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001).. . . . . . - 13 -, - 18 -

11  Harbin v. IndyMac Bank FSB (In re Harbin), 486 F.3d 510, 517 (9th Cir. 2007) . . . . . . . . - 12 -

12  Hawaiian Airlines Inc. v. U.S. (In re Hal, Inc.), 122 B.R. 851, 854 (9th Cir. 1997) . . . . . - 12 -

13  In re Jackson, 348 B.R. 487, 499-500 (Bankr. S.D. Iowa 2006). . . . . . . . . . . . . . . . . . . - 15 -

14  In re Lavato, 343 B.R. 268, 270 (Bankr. D.N.M. 2006). . . . . . . . . . . . . . . . . . . . . . . . . - 15 -

15  In re Mendez, 367 B.R. 109, 116 (9th Cir. BAP 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . - 21 -

16  Nichols v. Birdsell, 491 F.3d 987, 989 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . - 13 -

17  In re Ott, 343 B.R. 264, 268 (Bankr. D. Colo. 2006).. . . . . . . . . . . . . . . . . . . . . . . . . . - 15 -

18  In re Parker, 351 B.R. 790, 800-01 (Bankr. N.D. Ga. 2006) . . . . . . . . . . . - 14 -, - 15 -, -16 -

19  In re Republic Trust & Savings Co., 59 B.R. 606, 609 n.1 (N.D. Okla. 1986) . . . . . . . . . - 21 -

20  Wagner v. Prof. Engineers in Cal. Gov't., 354 F.3d 1036, 1044 (9th Cir. 2004) . . . . . . . . - 18 -

21  In re Warren, Case No. 06-10697, 2007 WL 1079943 (Bankr. N.D. Cal. April 9, 2007).

22  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 9 -

23  In re Wenberg, 94 B.R. 631, 637 (9th Cir. BAP 1988). . . . . . . . . . . . . . . . . . . . . . . . . . - 21 -

24  In re Williams, 339 B.R. 794 (Bankr. M.D. Fla. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . - 15 -

25  In re Withers, Case No. 06-42098, 2007 WL 628078 (Bankr. N.D. Cal. Feb. 26, 2007)

26  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 10 -,- 13 -, - 14 -, - 16 -

27

28

1

## STATEMENT OF JURISDICTION

2        The bankruptcy court had jurisdiction over the debtor Stewart Jay Warren's chapter 7

3  bankruptcy case pursuant to 28 U.S.C. 1334 and 28 U.S.C. 157(b)(1), (b)(2)(A), and (O).  In an

4  order entered in that case on April 13, 2007, the bankruptcy court waived the requirement that

5  the debtor file the documents specified in 11 U.S.C. 521(a)(1)(B).  BD 34.[1]  On April 20, 2007,

6  the court entered its Order Denying Debtor's Motion to Dismiss Under 11 U.S.C. 109(h) and

7  Ex Parte Request for Dismissal Under 11 U.S.C. 521(i).[2]  BD 35.  On April 23, 2007, the

8  debtor timely filed a notice of appeal of both orders.  BD 36; *see* Fed. R. Bankr. P. 8001(a).  On

9  May 14, 2007, the Acting United States Trustee timely filed an election to have the debtor's

10  appeal heard by this court under 28 U.S.C. 158(c)(1).  BD 48.  This court has jurisdiction over

11  this appeal under 28 U.S.C. 158(a)(1).  The bankruptcy court's April 13 and April 20, 2007

12  orders are each "final" orders for purposes of this appeal, because each "resolves and seriously

13  affects substantive rights" of the debtor and "finally determines the discrete issue to which it is

14  addressed."  In re Bonham, 229 F.3d 750, 761 (9th Cir. 2000) (internal citation omitted).

15

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

16        1.  Whether the bankruptcy court abused its discretion, pursuant to its powers under 11

17  U.S.C. 521(a)(1)(B), by waiving the debtor's obligation to file certain documents?

18        2.  Whether the bankruptcy court erred in declining to dismiss the debtor's case under

19  11 U.S.C. 521(i), when it had waived the debtor's obligation to file certain documents

20  under 11 U.S.C. 521(a)(1)(B)?

21        3.  Whether the bankruptcy court erred in concluding that the debtor was judicially

22  estopped from seeking dismissal of his case under 11 U.S.C. 109(h)?

23

24  _____

25        [1]  "BD___" refers to the applicable item contained in the bankruptcy court's docket.

26        [2]  Debtor makes certain statements in its opening brief that might be construed as

27  questioning the bankruptcy court's jurisdiction to enter these two orders.  The Acting United
States Trustee addresses these statements more fully in part III of the argument section of this
brief.

28

1                          **STATEMENT OF THE CASE**

2      **I.  Nature of the Case**

3          This appeal challenges two orders of the bankruptcy court declining to dismiss the

4   chapter 7 bankruptcy case of Stewart Jay Warren.  Some five months after commencing his

5   voluntary chapter 7 case, after the chapter 7 trustee discovered valuable assets, the debtor

6   sought to dismiss his case under 11 U.S.C. 109(h), claiming he was not eligible to be a debtor

7   due to his failure to obtain pre-petition credit counseling or request a statutory waiver.  He also

8   sought an "automatic" dismissal of his case under 11 U.S.C. 521(i) based on his own refusal to

9   file official court forms listing his assets, liabilities, income and expenses, and statement of

10  financial affairs, among other required documents.

11         The bankruptcy court did not allow dismissal in these circumstances.  First, the court

12  exercised its express statutory authority under 11 U.S.C. 521(a)(1)(B) to waive the debtor's

13  obligation to file documents.  Second, having waived the filing requirements, the court ruled

14  that dismissal under 11 U.S.C. 521(i) was not required or appropriate under the facts presented.

15  Third, the court recognized that 11 U.S.C. 109(h) is not a statutory prerequisite to its

16  jurisdiction and exercised its authority to bar the debtor from seeking to dismiss his case on the

17  principle of judicial estoppel.  In so ruling, the court acted within its authority to prevent the

18  debtor from manipulating the bankruptcy process, and should be affirmed on all counts.

19     **II.  Statutory Background**

20         1.  An individual who seeks to discharge his debts may file a petition under chapter 7 of

21  the Bankruptcy Code.[3]  *See* 11 U.S.C. 701, *et seq*.  By filing such a petition, an individual

22  "commences" a bankruptcy case and becomes a "debtor."  *See* 11 U.S.C. 101(13), 301.  When

23  a case is commenced, the debtor's property at that time becomes property of the bankruptcy

24  estate.  *See* 11 U.S.C. 541(a)(1) (property of the estate includes "all legal or equitable interests

25  of the debtor in property as of the commencement of the case").  After a chapter 7 case is

26

27         [3]  11 U.S.C. 701, *et seq*.  "Section" as used herein refers to the applicable section of the
    Bankruptcy Code.

28
    OPENING BRIEF OF APPELLEE SARA L. KISTLER, ACTING UNITED STATES TRUSTEE
    CV 07-03244 CRB                                                          -2-

1  commenced, a chapter 7 trustee is appointed and becomes the estate's sole representative, with

2  control over all property of the estate.  *See* 11 U.S.C. 323, 541, 542, 544, 546.  In furtherance

3  of their official duties, trustees must investigate the financial affairs of debtors.  *See* 11 U.S.C.

4  704(a)(4).  A chapter 7 trustee is also required to take possession of all estate property and

5  liquidate it for distribution to the debtor's creditors pursuant to a statutory scheme of priorities.

6  *See* 11 U.S.C. 507, 704(a)(1), 726.  The trustee is also empowered to avoid and recover for the

7  benefit of creditors certain pre- and post-petition transfers of the debtor's property, such as

8  preferences, fraudulent conveyances, and unauthorized post-petition transfers of property.  *See*

9  11 U.S.C. 544-551.

10  Barring debtor misconduct or other special situations, an order will be entered

11  discharging most of the debtor's pre-petition financial obligations.  *See* 11 U.S.C. 524, 727.

12  When a chapter 7 case is dismissed, either before of after the debtor's discharge is entered, any

13  property of the estate is revested "in the entity in which such property was vested immediately

14  before" the case was commenced, unless the court orders otherwise.  *See* 11 U.S.C. 349(b).

15  2. Section 521(a) of the Bankruptcy Code sets forth certain duties of a debtor in a

16  bankruptcy case.  Specifically, section 521(a)(1) requires the debtor to file a list of creditors

17  and, "unless the court orders otherwise," the following additional documents:  a schedule of

18  assets and liabilities and of current income and current expenditures; a statement of the

19  debtor's financial affairs and the appropriate certificate if applicable; copies of all payment

20  advices or other evidence of payment received within 60 days before the date of the filing of

21  the petition, by the debtor from any employer; an itemized statement of monthly net income;

22  and a statement disclosing any reasonably anticipated increase in income of expenditures over

23  the 12-month period following the date of the filing of the petition, and certain other specified

24  documents.  *See* 11 U.S.C. 521(a)(1)(A), (B); *see also* Fed.R.Bankr.P. 1007 [Interim]

25  (specifying the items for filing and referencing the corresponding Official Bankruptcy Forms).

26  Section 521(i) of the Bankruptcy Code provides for dismissal of a case when a debtor

27  fails to file timely the information required under section 521(a)(1):

28

OPENING BRIEF OF APPELLEE SARA L. KISTLER, ACTING UNITED STATES TRUSTEE
CV 07-03244 CRB                                                                                            -3-

1
2
3

(i) (1) Subject to [11 U.S.C. 521(i)(2) and (4)] and notwithstanding [11 U.S.C. 707(a)], if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

4
5
6

(2) Subject to [11 U.S.C. 521(i)(4)] and with respect to a case described in [11 U.S.C. 521(i)(1)], any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 5 days after such request.

7
8
9
10

(3) Subject to [11 U.S.C. 521(i)(4)] and upon request of the debtor made within 45 days after the date of the filing of the petition described in [11 U.S.C. 521(i)(1)], the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection [11 U.S.C. 521(a)(1)] if the court finds justification for extending the period for the filing.

11
12
13
14

(4) Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in [11 U.S.C. 521(i)(1)-(3)], and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection [11 U.S.C. 521(a)(1)(B)(iv)] and that the best interests of creditors would be served by administration of the case.

15

11 U.S.C. 521(i)(1)-(4).

16    3. Section 109(h) of the Bankruptcy Code requires that within 180 days prior to an

17  individual debtor's bankruptcy filing, the debtor shall have received, "from an approved

18  nonprofit budget and credit counseling agency described in [11 U.S.C. 111(a)] an individual or

19  group briefing . . . that outlined the opportunities for available credit counseling and assisted

20  such individual in performing a related budget analysis." 11 U.S.C. 109(h)(1). Section 109(h)

21
22  does not apply if no credit counseling provider approved by the United States trustee is

23  reasonably available to the debtor. *See* 11 U.S.C. 109(h)(2). If a debtor faces "exigent

24  circumstances," the debtor may obtain a post-petition extension of the period to receive credit

25
26  counseling of up to thirty days, based upon a certification "satisfactory to the court," that the

27  debtor requested, but could not obtain, the required credit counseling services "during the 5-day

28  period beginning on the date on which the debtor made that request." 11 U.S.C. 109(h)(3)(B).

For "cause" shown, the debtor can obtain up to an additional fifteen days post-petition to receive the required credit counseling. *Id.* Section 109(h)(4) sets forth exceptions to the credit counseling requirement for debtors who are unable to complete credit counseling "because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. 109(h)(4).

4.  United States Trustees, including Acting United States Trustees, are appointed by the Attorney General to supervise the administration of bankruptcy cases and trustees in regions comprising the vast majority of federal judicial districts. *See* 28 U.S.C. 581-589a. United States Trustees "serve as bankruptcy watchdogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena." H.R. Rep. No. 595, 95th Cong., 1st Sess. 88 (1977); *see also* Curry v. Castillo (In re Castillo), 297 F.3d 940, 950 (9th Cir. 2002) (discussing role of United States Trustees). The United States Trustee Program thus "acts in the public interest to promote the efficiency and to protect and preserve the integrity of the bankruptcy system." U.S. Dep't of Justice, United States Trustee program Strategic Plan FY 2005-2010, at 2 (visited Sept. 5, 2007) http://www.usdoj.gov/ust/eo/ust_org/mission.htm>.

**III.  Statement of Facts and the Proceedings Below**

Stewart Jay Warren filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on October 11, 2006. BD 1. The debtor estimated that he had one to 49 creditors, assets of $100,000 to $1,000,000, and liabilities of $100,000 to $1,000,000. *Id.* at 1. Just above the signature line on the debtor's petition is stated, "I declare under penalty of perjury that the information provided in this petition is true and correct. I request relief in accordance with the chapter of title 11, United States Code, specified in this petition." BD 1 at 3. The debtor signed the petition "Stewart Jay Warren" and dated it "10/11/06." *Id.* He debtor did not file any schedules of assets and liabilities; a statement of financial affairs; statement of

current monthly income; recent payment advices; a certificate indicating that he had received pre-petition credit counseling; or certain other documents required of individual debtors.

On October 12, 2006, the bankruptcy court issued an Order for Individuals to File Required Documents and Notice Regarding Automatic Dismissal, which listed the documents that the debtor had failed to file and warned that his case could be dismissed unless he filed the required documents within fifteen days after entry of the Order. *See* BD 4.[4]  The debtor refused to file any of the documents specified in the Order within the 15-day period.  On October 30, 2006, the bankruptcy court entered its Order for Hearing re: Sanctions, which ordered the debtor to appear at a hearing on November 17, 2006 to face possible sanctions for failing to file the required documents. *See* BD 9.

On November 15, 2006, Andrea A. Wirum, the chapter 7 trustee in the debtor's case, responded to the court's October 30 Order for Hearing re: Sanctions, urging the court not to dismiss the debtor's case so that she could continue her investigation of his financial affairs and administer his estate for the benefit of creditors. *See* BD 10.  The day before, Ms. Wirum had discovered that the debtor's bank was holding in excess of $93,000 in an undisclosed account, which was subject to a levy in that amount by the California Department of Child Support Services for unpaid support obligations.  BD 10 at 1-2; BD 27, Ex. 1 at 2.  At the time of the bankruptcy filing, the bank was prepared to honor the levy. *See* BD 10 at 1-2.  Ms. Wirum also discovered possible real property transfers by the debtor during the two- to three-year period prior to the debtor's petition date and references to a Warren Trust in public records. *See* BD

---

[4]  Item BD 4 is included on the bankruptcy court docket but was not designated for inclusion in the record on appeal.  However, the debtor makes specific reference to it in his opening brief and does not dispute its contents, effect, or manner of service. *See* Appellant's Brief at 3 ("On October 11, 2006, the Bankruptcy Court ordered the Appellant to file the required information and ordered that the Court may dismiss the case absent filing within fifteen days.").

10 at 2; BD 27, Ex. 1 at 2.  She also noted that the debtor had failed to attend his mandatory meeting of creditors on November 8, 2007.  *See* BD 10 at 1.[5]

Ms. Wirum submitted a sworn declaration on November 15, 2006, stating that a representative of the debtor's bank had contacted her that day.  *See* BD 11 at 1.  The representative advised that, before the debtor filed his chapter 7 petition, he had approximately $180,000 on account with the bank.  Id.  After commencing his chapter 7 case, upon learning that the bank intended to honor the California Department of Child Support Services' levy for unpaid support obligations, the debtor directed the bank not to honor the levy and withdrew the remaining, un-levied balance, approximately $90,000.  *See id.* at 1-2.[6]

The debtor failed to appear at the November 17, 2006 hearing on the court's October 30 Order for Hearing re: Sanctions.  Counsel for the Acting United States Trustee appeared and urged the Court not to dismiss the case so that Ms. Wirum could continue seeking to locate and liquidate assets for the benefit of creditors.  The court declined to dismiss the case at that time and following the hearing the court's Order for Hearing re: Sanctions was taken off the court's calendar. *See* BD 11/17/2007 (text entry).

The debtor appeared and gave his sworn testimony at his continued meeting of creditors on November 29, 2006.[7]  Ms. Wirum recalled reminding him at the meeting of creditors that he

---

[5]  The United States trustee is required to "convene and preside over at a meeting of creditors" in bankruptcy cases.  *See* 11 U.S.C. 341(a).  The meeting of creditors affords creditors, the trustee, and other parties the opportunity to examine debtors with respect to their financial affairs.  *See* 11 U.S.C. 341(a); 343.  Debtors are required to "appear and submit to examination" at their meeting of creditors.  11 U.S.C. 343.

[6]  In so doing, the debtor likely effected an unauthorized transfer of property of the estate in violation of section 549 the Bankruptcy Code.  *See* 11 U.S.C. 549, 550 (the trustee may avoid and recover unauthorized post-petition transfers of property of the estate).

[7]  The section 341 meeting of creditors "may be adjourned from time to time" by oral announcement of the date and time of the continued meeting.  The November 8, 2006 meeting of creditors was so adjourned by Ms. Wirum, to November 29, 2006.  *See* Fed.R.Bankr.P.

was obligated to file schedules and other documents.  *See* BD 27, Ex. 1 at 2.  She also recalled the debtor saying he would file the required documents and also that he had no creditors.  *See id.*[8]  The meeting of creditors was continued again, to December 18, 2006.  BD 11/30/2006 (text entry).

The debtor appeared for his continued meeting of creditors on March 7, 2007 but refused to testify under oath despite his statutory obligation to do so.  *See* BD 27, Ex. 1 at 3.  Ms. Wirum continued the meeting of creditors again, to April 4, 2007.  *See* BD 3/7/2007 (text entry).[9]

On March 6, 2007, the debtor filed a motion to dismiss his case under 11 U.S.C. 109(h), claiming that because he failed to obtain pre-petition credit counseling or to apply for a statutory waiver he was not eligible to be a debtor and, for that reason, the court was constrained to dismiss his case under 11 U.S.C. 109(h).  *See* BD 23.  The Acting United States Trustee objected to the motion, arguing that the court should bar the debtor from seeking to dismiss his case given that he had enjoyed the benefits of being a debtor in bankruptcy for five months without fulfilling his debtor obligations, including the obligation to provide full and honest disclosure of his financial affairs.  The Acting United States Trustee opposed dismissal

---

2003(e).

[8]  A transcript of the debtor's November 29, 2006 meeting of creditors was generated. An excerpt of the transcript was attached to the debtor's opening brief in this court.  *See* Appellant's Brief, Appx. at E.R. 39-43.  However, the November 29 transcript was not filed on the bankruptcy court's docket, and was never introduced into evidence much less admitted.  It was not designated for the record on appeal nor could it be included.  The transcript of a session of the meeting of creditors, a non-judicial proceeding, never having been presented to the bankruptcy court in any proceeding, is extraneous and should not be considered in this appeal.

[9]  The meeting of creditors has been continued subsequently, most recently to October 10, 2007.  Mr. Warren appeared at his continued meeting of creditors on August 8, 2007, and answered questions from Ms. Wirum and her attorney.

as not warranted or required as a matter of law.  *See* BD 27.  Ms. Wirum also objected, arguing that the debtor, unhappy with his unsuccessful attempt to avoid a levy by the County of Los Angeles Bureau of Family Support Operations for past due child support obligations, should be required to disclose his financial affairs fully and honestly, and that the debtor was manipulating the bankruptcy process by seeking to dismiss his case after Ms. Wirum had discovered and taken control of valuable assets for the benefit of creditors.  *See* BD 30.

On April 4, 2007, the debtor filed an *ex parte* Request for Entry of Order of Dismissal, contending that his failure to file schedules, a statement of financial affairs, payment advices, or other documents required under 11 U.S.C. 521(a) within the 45-day period after his case was commenced, required an "automatic dismissal" of his case under section 521(i).  BD 31.[10]  The debtor did not dispute any of the facts cited by the Acting United States Trustee or Ms. Wirum to support their respective objections.  On April 6, 2007, the bankruptcy court held a hearing on the debtor's 11 U.S.C. 109(h) motion to dismiss, as well as on section 521(i) issues.  *See* BD 4/6/2007 (text entry).[11]

On April 9, 2007, the bankruptcy court issued its Memorandum on Motions to Dismiss, addressing both the 11 U.S.C. 109(h) and 11 U.S.C. 521 issues.  BD 33.[12]  In view of this record of uncontested facts, the court characterized the debtor's efforts to obtain dismissal as "want[ing] out of Chapter 7 based on his own failures and misconduct."  *Id.*  On that basis, the court applied the doctrine of judicial estoppel to bar the debtor from seeking to dismiss his case

---

[10]  That same day, the bankruptcy court entered an order denying the debtor's request for dismissal, without prejudice to renewal upon a motion and hearing on five days' notice. BD 32.

[11]  A transcript of the April 6 hearing is included in the record on appeal.  *See* BD 53.

[12]  In re Warren, Case No. 06-10697, 2007 WL 1079943 (Bankr. N.D. Cal. April 9, 2007).

under 11 U.S.C. 109(h), adopting the reasoning of the bankruptcy court in In re Withers.  *See id*

at 2.[13]  Regarding the debtor's request for "automatic" dismissal under 11 U.S.C. 521(i), the

court deemed Ms. Wirum's November 15, 2006 request that the court refrain from dismissing

the debtor's case (BD 10) as a motion for waiver of the debtor's filing requirements under 11

U.S.C. 521(a).  In the exercise of its statutory power under section 521(a)(1)(B), the court

waived the debtor's obligation to file the documents at issue, *nunc pro tunc* to November 15,

2006.  *See* BD 33 at 2.

The court thus found that dismissal was neither legally required nor warranted under the

circumstances.  *See id.*  In reaching its decision, the court took into account of Ms. Wirum's

discovery of $93,000 in an undisclosed bank account and noted that the debtor had "engaged in

real estate transactions within the past few years and may be the beneficiary of a trust."  *See id.*

The bankruptcy court entered two orders effectuating its rulings, on April 13 and April 20,

2007.  BD 34, 35.  This appeal of those orders followed.

## SUMMARY OF ARGUMENT

1. The bankruptcy court did not abuse its discretion, pursuant to its powers under

11 U.S.C. 521(a)(1)(B), in waiving the debtor's obligation to file certain required financial

documents.  The bankruptcy court's conclusion that the facts in the debtors' case permitted this

exercise of discretion enjoys substantial support from the record.

For nearly five months after filing his bankruptcy petition, the debtor failed to file his

schedules of assets and liabilities and other documents required under the Bankruptcy Code

and otherwise neglected his duties as a debtor in chapter 7.  He then sought an order

---

[13] In re Withers, Case No. 06-42098, 2007 WL 628078 (Bankr. N.D. Cal. Feb. 26, 2007)

compelling the dismissal of his case, finally, on the basis that his own refusal to file schedules and other documents within 45 days after commencing his case triggered an unconditional right to the "automatic dismissal" of his case under 11 U.S.C. 521(i). The bankruptcy court exercised its express statutory power under section 521(a)(1)(B) to waive the debtor's filing obligations, thereby avoiding any necessary for an "automatic dismissal."

2. Because section 11 U.S.C. 521(a)(1)(B) does not specify a time period within which the court must "order otherwise" regarding a debtor's duty to file documents, the court did not abuse its discretion in waiving these duties after the 45-day period referenced in section 521(i). Congress placed no temporal limits a court's exercise of discretion under section 521(a)(1)(B).

3. The bankruptcy court properly concluded that dismissal under 11 U.S.C. 521(i) was not applicable in the debtor's case because the only documents the debtor did not file were ones that the court, acting under section 521(a)(1)(B), told him he did not need to file. Although the debtor argues that section 521(i) mandates that a court dismiss a case whenever all of the documents listed in section 521(a)(1)(B) are not filed, his argument fails to appreciate that section 521(i) only envisions dismissal when all of the information <u>required</u> under section 521(a)(1) is not provided. Legislative history and the public policy favoring the prevention of abuse of the bankruptcy process also support the bankruptcy court's decision.

4. The bankruptcy court acted within its discretion in applying judicial estoppel to bar the debtor from raising his own eligibility under 11 U.S.C. 109(h) as grounds for dismissal of his case. The debtor commenced a voluntary bankruptcy case in October 2006 and then refused to make required disclosures of his financial condition while accepting the advantages of bankruptcy protection for nearly five months. In seeking to carry out the orderly liquidation process that the debtor initiated the chapter 7 trustee and other parties expended time and

energy investigating his affairs, resulting in the trustee's discovery of a large bank account and other indicia of possible assets for the distribution to creditors.  Suddenly changing course in March 2007, the debtor sought an abrupt dismissal of his case on grounds that he was not eligible to be a debtor after all due to his failure to obtain or seek a waiver of the pre-petition credit counseling required under 11 U.S.C. 109(h).  With all three elements of judicial estoppel well established in the record presented, the bankruptcy court acted within its discretion to bar the debtor from pursuing his section 109(h) motion.

In filing a voluntary chapter 7 petition, the debtor demonstrated his intent to become a debtor in bankruptcy and to submit to the obligations of the process while reaping its benefits. The chapter 7 trustee spent months investigating the debtor's financial affairs including undisclosed assets, in the face of which the debtor changed course and sought to dismiss his case.  The court barred the debtor from taking this strategic action.

The court also rightly held with the great weight of authority that while section 109(h) sets forth mandatory eligibility requirements, satisfying the credit counseling requirements is not a prerequisite to the bankruptcy court's jurisdiction in a case.

## STANDARD OF REVIEW

The bankruptcy court's exercise of its discretion to excuse the filing requirements of 11 U.S.C. 521(a)(1)(B) is reviewed for an abuse of discretion.  *See, e.g.*, Harbin v. IndyMac Bank FSB (In re Harbin), 486 F.3d 510, 517 (9th Cir. 2007) (reviewing for abuse of discretion a bankruptcy court's *nunc pro tunc* approval of debtor's refinancing transaction); Hawaiian Airlines Inc. v. U.S. (In re Hal, Inc.), 122 B.R. 851, 854 (9th Cir. 1997) (bankruptcy court's award of equitable remedy of setoff reviewed for abuse of discretion).  Likewise, the bankruptcy court's application of the doctrine of judicial estoppel to the debtor's request to

dismiss his case under 11 U.S.C. 109(h) is reviewed for abuse of discretion. *See* Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001).

Whether the bankruptcy court properly declined to dismiss the debtor's case when it waived his requirement to file certain documents under 11 U.S.C. 521(a), and when it prohibited the debtor from seeking to dismiss his own case under 11 U.S.C. 109(h), required the court to interpret those statutes, which presents questions of law. Questions of law decided by a bankruptcy court are reviewed *de novo*. Nichols v. Birdsell, 491 F.3d 987, 989 (9th Cir. 2007). The bankruptcy court's underlying factual findings are reviewed for clear error. *Id.* Mixed questions of law and fact are reviewed *de novo*. In re Elder, 325 B.R. 292, 296 (N.D. Cal. 2005).

## ARGUMENT

**I. The bankruptcy court acted within its express statutory authority under the circumstances when it waived the debtor's section 521(a)(1)(B) filing requirements, even after the 45-day period in section 521(i) had expired.**

1. Refusing to condone the debtor's behavior, and taking into account the preliminary results of Ms. Wirum's investigation, which unearthed over $93,000 in undisclosed assets and potentially avoidable real estate transfers, the court acted within its statutory power to avert a premature and unjust dismissal of the debtor's case. Faced with these circumstances, the court's decision to "order otherwise" under its express authority under 11 U.S.C. 521(a)(1)(B), should be upheld as a matter within the court's proper exercise of discretion. *See* In re Withers, 2007 WL 628078 at *4, n.4 (concluding that court could and should excuse the debtor's filing of documents, when the debtor failed to disclose assets and sought his own section 521(i) dismissal); In re Parker, 351 B.R. 790, 800-01 (Bankr. N.D. Ga. 2006) (excusing debtor's failure to file pre-petition payment advices, which are required under section 521(a)(1)(B)(iv)).

1

2      2.  Section 521(a)(1)(B) establishes no deadline by which the court must "order

3   otherwise" regarding a debtor's duty to file bankruptcy-related documents, and thus the court

4   did not abuse its discretion in excusing some of these duties after the 45-day period referenced

5   in 521(i)(1).[14]  In fact, the *most* logical time for a court to use its powers under section

6   521(a)(1)(B) to prevent an improper application of section 521(i) would be after the 45-day

7   period runs, when an abusive motion by a debtor will occur.  Congress set temporal limits on a

8   bankruptcy court's exercise of discretion in other sections of the Bankruptcy Code.  *See, e.g.*,

9   11 U.S.C. 362(c)(3)(B) (regarding extension of the automatic stay); section 362(c)(4)(B)

10  (regarding application of the automatic stay where the debtor had a prior case); section

11  365(d)(4)(B) (regarding time periods for a debtor's assumption or rejection of non-residential

12  leases).  Congress elected not to include a similar temporal element in section 521(a)(1)(B).

13      Case law also supports the conclusion that the power of the court to "order otherwise"

14

15  under 11 U.S.C. 521(a)(1)(B) is not limited to the 45-day period referenced in section 521(i), or

16  any other time period.  *See* In re Ackerman, __ B.R. __, 2007 WL 2471473 (Bankr. W.D.N.Y.

17  Aug. 23, 2007) (court declined to dismiss a case where trustee was administering valuable

18  assets for benefit of creditors; court waived the filing of payment advices after the 45-day

19  period, construing trustee's request under section 521(i)(4) as a motion for relief under section

20  521(a)(1)(B)); Withers, 2007 WL 628078 at *4, n.4 (there is "no requirement that the order

21  excusing the debtor from filing the documents be entered prior to the expiration of the 45 day

22  period."); Parker, 351 B.R. at 800-01 ("Section 521 does not set forth the time period within

23  which the Court can 'order otherwise,' as [the Bankruptcy Code] does in numerous other

24

25

26

27      [14]  Although the bankruptcy court waived the filing requirements *nunc pro tunc*, this
28  was not necessary because its statutory power under 11 U.S.C. 521(a)(1)(B) to "order otherwise" allows it to excuse the filing of documents at any time, without backdating.

sections."); <u>In re Jackson</u>, 348 B.R. 487, 499-500 (Bankr. S.D. Iowa 2006) (court not "prohibited from 'ordering otherwise' once a case reaches the 46 (sic) day after the date of the filing of the petition"; court "may 'order otherwise' if it finds that entering an order of dismissal under section 521(i) would foster rather than prevent an abuse of process in a particular case."); *but see* <u>In re Lavato</u>, 343 B.R. 268, 270 (Bankr. D.N.M. 2006) (no discretion to extend 45-day period after expiration); <u>In re Ott</u>, 343 B.R. 264, 268 (Bankr. D. Colo. 2006) (same); <u>In re Williams</u>, 339 B.R. 794 (Bankr. M.D. Fla. 2006) (same).

   3. Indeed, to blindly require without exception that all of the documents listed in 11 U.S.C. 521(a)(1)(B) <u>always</u> be filed in a case would read the court's express statutory authority to "order otherwise" out of section 521. Further, such a reading would aid abusive, scheming debtors. For example, a dishonest person could claim the protections of chapter 7 while failing to disclose valuable assets, then file all of the documents required under section 521(a)(1)(B) except one, and therefore arming himself with an "out" of bankruptcy if the trustee were to uncover and pursue the undisclosed assets for the benefit of creditors. Congress provided courts the express authority to "order otherwise" under section 521(a)(1)(B), empowering them to confront and curtail that abuse of that type.

   Creditors and other interested parties stand to be unfairly disadvantaged if each of the documents listed in section 521(a)(1)(B) must be filed in every case, lest an "automatic dismissal" occur under section 521(i).

///

///

///

///

**II.  The bankruptcy court properly declined to dismiss the debtor's case under section 521(i) for his failure to file information that he was not required to provide, because the court had excused filing under section 521(a)(1)(B).**

1.  The bankruptcy court did not err in denying the debtor's motion to dismiss his case under 11 U.S.C. 521(i).  Given the court's proper exercise of its discretion to waive the filing of required documents under section 521(a)(1)(B), dismissal under section 521(i) was not required.  Section 521(i)(1) only contemplates dismissal if a debtor fails to file the "required" information under 521(a)(1).  *See* Withers, 2007 WL 628078 at *4; Parker, 351 B.R. at 800-01.

If the case were dismissed under section 521(i), the debtor would receive the illogical benefit of a dismissal based on his own failure to file documents that the court expressly ordered waived – while creditors and other interested parties could be harmed.[15]

2.  An addition consequence of the court's section 521(a)(1)(B) waiver is that the 5-day period referenced in section 521(i)(2) is inapplicable to this case.  A section 521(i)(2) order is only warranted if the case has qualified for automatic dismissal under section 521(i)(1), which this case does not.

3.  To the extent that there is any ambiguity in section 521(i), the available legislative history indicates that the statute was not intended as a tool for debtors to obtain automatic dismissals when valuable assets are unearthed or pursued by the trustee in their cases.  Instead, it was intended to curtail bankruptcy abuse.  Section 521(i) was enacted as section 316 of Title III of Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, entitled "Discouraging Bankruptcy Abuse."  *See* Pub. L. No. 109-8.[16]

---

[15]  Refusing to dismiss this case preserves the trustee's and others rights to confront the debtor's misconduct in the case, including the possibility of recovering approximately $90,000 that he withdrew post-petition, apparently without court authority.  *See* 11 U.S.C. 549.

[16]  *See also* Parker, 351 B.R. at 800 (noting that 11 U.S.C. 521(i) "was designed to prevent abuses by debtors who do not take their responsibilities seriously and fail to provide

1

2    4.  Dismissing the debtor's case under these circumstances pursuant to 11 U.S.C. 521(i)

3   would also encourage other bankruptcy abuses.  It could, for example, deprive Ms. Wirum,

4   creditors, or the Acting United States Trustee of the opportunity to seek a dismissal with other

5   conditions, such as dismissal under section 349(a) that bars future discharge of certain debts.

6   Similarly, it could prevent a dismissal that would limit future eligibility for bankruptcy

7   protection under section109(g)(1).  By seeking his own dismissal under section 521(i), the

8   debtor could unfairly evade the application of such provisions to this case and to his future

9   filings.

10

11    In electing to waive the debtor's obligation to file schedules of assets and liabilities and

12   other documents and decline to allow the dismissal of this case, the court enabled Ms. Wirum

13   to continue investigating the debtor's undisclosed assets and liabilities so that creditors might

14   benefit from her efforts to oversee an orderly liquidation of the debtor's estate, the very process

15   that he himself had initiated some five months earlier.  The alternative – a potential

16   "automatic" dismissal of the case – would have terminated Ms. Wirum's investigation

17   prematurely, leaving creditors with their pre-bankruptcy, state law collection rights, as opposed

18   to the orderly process provided for under the Bankruptcy Code.  The debtor's ongoing refusal

19   to fulfill his other statutory obligations in effect left the court little choice but to waive the

20   filing obligations, rather than to allow the case to be dismissed in the wake of the debtor's own

21   failures, to the potential detriment of creditors.

22

23    This court should affirm the bankruptcy court's decision, as supported by its express

24   statutory authority and case law, which prevented the debtor's improper attempt to use 11

25

26

27   the Court and interested parties with the information necessary to administer a bankruptcy

28   case").

U.S.C. 521(i) as a weapon against creditors and the bankruptcy process rather than as a shield against abusive conduct.

**III. The bankruptcy court properly concluded that, under the circumstances, the debtor was judicially estopped to seek dismissal of his case under section 109(h) for failure to obtain or seek a waiver of pre-petition credit counseling.**

1. The bankruptcy court acted within its discretion when it concluded that judicial estoppel precluded the debtor from raising his eligibility under section 109(h) as grounds for dismissal of his case. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire and Casualty Co., 270 F.3d 778, 782 (9th Cir. 2001). Courts also apply it out of concern for the "'orderly administration of justice and regard for the dignity of judicial proceedings' and to 'protect against a litigant playing fast and loose with the courts.'" Id. (internal citation omitted). The doctrine is flexible, and there is no exhaustive formula for determining its applicability, but of the range of factors that courts may consider, three typically inform the decision. Id. at 782-83. One consideration is whether the party's later-taken position is clearly inconsistent with its earlier position. Id. at 782. This factor "applies to a party's stated position, regardless of whether it is an expression of intention, a statement of fact, or a legal assertion." Wagner v. Prof. Engineers in Cal. Gov't., 354 F.3d 1036, 1044 (9th Cir. 2004) (internal citations and quotation marks omitted). A second consideration is whether the party has succeeded in persuading a court to accept that party's earlier position. Id. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Id. at 783.

Uncontested facts in the record relevant to the factors described above provide ample

support the bankruptcy court's conclusion that the debtor should not be able to use his lately

changed position to obtain dismissal.  First, by voluntarily commencing his chapter 7

bankruptcy case, the debtor effectively represented to the court, his creditors, the Acting United

States Trustee, and the chapter 7 trustee, that he wanted, and was entitled to, the protections of

the bankruptcy court (including the automatic stay pursuant to 11 U.S.C. 362) for the purpose

of securing the orderly administering his assets for the benefit of his creditors.

Second, this position was accepted by those parties and encouraged by the debtor.  No

one sought to dismiss the case or to lift the automatic stay.  Ms. Wirum began to administer the

debtor's estate, by among other things investigating the debtor's financial affairs and collecting

assets.  Although the debtor did not embrace his debtor obligations by timely filing schedules

of assets and liabilities and other information regarding his financial affairs or by timely

submitting to examination at the meeting of creditors, he did not deny those obligations.  He

appeared at a session of the meeting of creditors and, according to the chapter 7 trustee,

testified that he would file his schedules of assets and liabilities.  At no time during the first

five months of the case while the forgoing occurred did the debtor inform the court or any of

the parties that he was ineligible to be a debtor or that he desired to dismiss his case.

Third, five months into the administration of the debtor's estate and after the chapter 7

trustee had assumed control of the debtor's bank account, the debtor first took the position that

he was ineligible to be a debtor and therefore his case had to be dismissed.  This change of

position, if accepted, would (a) discharge the chapter 7 trustee (thereby ending her investigation

and collection of the debtor's assets, including causes of action belonging to the estate, such as

actions to avoid fraudulent transfers), (b) terminate the bankruptcy estate (thereby removing the

estate from the supervision, restrictions, and protection of the court and returning it to the

1

2  debtor), and (c) leave creditors to their non-bankruptcy remedies to collect their claims.  *See* 11

3  U.S.C. 349(b)(3) (revesting of estate in debtor) and 362(c) (termination of automatic stay).

4        None of the forgoing facts relevant to the bankruptcy court's application of judicial

5  estoppel were contested in the proceedings below, and some appear to have been expressly

6  admitted.[17]  Therefore, it is not surprising that the bankruptcy court did not extensively recite

7  the facts in its Memorandum on Motion to Dismiss.  The court simply noted that Ms. Wirum's

8  investigation caused her "to believe that there may be significant assets of the estate, in that

9  [the debtor] had $93,000 in a bank account on the day he filed his petition, engaged in real

10  estate transactions within the past few years, and may be the beneficiary of a trust."

11  Memorandum at 1.[18]  At the hearing on dismissal, the court expressed its concern that dismissal

12  might not be appropriate if this case were "a situation where the debtor is unhappy with the

13

14  way the bankruptcy is going" and that "it's wrong for the debtor to purposefully not do

15  something so the debtor has an out just in case the Trustee tries to sell his house, or something

16  like that."  Transcript at 5.  The court confirmed its finding that the debtor was seeking to take

17  advantage of 11 U.S.C. 109(h) to the prejudice of creditors by reciting that element in

18  conjunction with its holding that dismissal was not mandated and judicial estoppel applied.

19

20        The debtor's change of position, five months into the case, is the type of "fast and

21

22      [17]  *E.g.*: MR. CHANDLER (counsel for debtor): "I understand the judicial estoppel
   arguments that are being made about this credit-counseling issue . . . And in some way that
23  makes some sense, because the debtor does make a representation that he's eligible."  April 6,
   2007 Transcript at 4.  THE COURT: "And I think it's wrong for the debtor to purposefully not
24  do something so the debtor has an out just in case the Trustee tries to sell his house, or
   something like that.  MR. CHANDLER: "Well, that may be the sort of the case here.  I really
25  don't know that – the debtor filed pro per, on advice of counsel, not our office, and never filed
   schedules."  Transcript at 5.
26

27      [18]  These facts were set forth in Ms. Wirum's sworn declaration presented to the
   bankruptcy court in support of her opposition to dismissal and were uncontested.
28

loose" manipulation of the courts that judicial estoppel is supposed to address. The court's refusal to dismiss the case on the grounds of estoppel was an appropriate response within its discretion and equitable power to ensure the integrity of the bankruptcy process.

2. The debtor cites in his opening brief numerous cases that he characterizes as addressing a question "whether the requirements of section 109(h) are procedural or jurisdictional" (Appellant's Opening Brief at 5) and whether a petition filed by an ineligible debtor must be dismissed or stricken (*id.* at 6). It is not clear what the purpose of these references is, as the debtor never endorses any of the positions taken by these cases. The debtor does not question this court's or the bankruptcy court's jurisdiction in his statement of appellate jurisdiction, so it does not appear that the cites are meant to challenge the bankruptcy court's jurisdiction to determine the eligibility or dismissal issues.

But in any event, a challenge to jurisdiction would be misguided, because the vast majority of courts to address the issue conclude that satisfying the requirements of section 109 is *not* a predicate to a court's exercise of bankruptcy jurisdiction. *See, e.g.*, <u>FDIC v. Wenberg (In re Wenberg)</u>, 94 B.R. 631, 637 (9th Cir. BAP 1988) ("[Section] 109 eligibility is not jurisdictional"), *aff'd* 902 F.2d 768 (9th Cir. 1990), <u>In re Mendez</u>, 367 B.R. 109, 116 (9th Cir. BAP 2007) ("[B]ecause the bankruptcy court retains the authority to determine the debtor's eligibility, the court must have jurisdiction over a case commenced by an ineligible debtor. Determining eligibility is certainly a matter which 'arises in a case under title 11.'"), <u>In re Republic Trust & Savings Co.</u>, 59 B.R. 606, 609 n.1 (N.D. Okla. 1986) (internal citation omitted).

///

///

**CONCLUSION**

For these reasons, the Acting United States Trustee respectfully asks that this court affirm the bankruptcy court's orders denying the debtor's ex parte request to dismiss his case under 11 U.S.C. 521(i) and his motion to dismiss under 11 U.S.C. 109(h).

Dated: September 6, 2007                          Respectfully submitted,

**Roberta A. DeAngelis**                          **Sara L. Kistler,**
Acting General Counsel                            **Acting United States Trustee**
**P. Matthew Sutko**
**Knight Elsberry**                               By:    /s/
Office of the General Counsel                         **James A. Shepherd** (DC#476306)
Executive Office for United States Trustees           Trial Attorney
Department of Justice
20 Massachusetts Avenue, NW                       Department of Justice
Room 8100                                         Office of the United States Trustee
Washington, DC 20530                              235 Pine Street, #700
                                                  San Francisco, CA 94104
                                                  phone: (415) 705-3333
                                                  fax: (415) 705-3379
                                                  email: james.a.shepherd@usdoj.gov