UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ) | Case No.  CV 07-03244 CRB |
| ) | |
| STEWART JAY WARREN, ) | |
| ) | BK No. 06-10697 |
| <u>    DEBTOR.              </u> ) | |
| ) | |
| STEWART JAY WARREN, ) | |
| ) | |
|     Debtor/Appellant,  ) | |
| ) | |
| v ) | |
| ) | |
| SARA L. KISTLER, Acting ) | |
| United States Trustee,  ) | |
| ) | |
| <u>    Appellee.            </u> ) | |

**APPELLANT'S REPLY BRIEF**

on Appeal From

The United States Bankruptcy Court

Northern District of California

―――――

David N. Chandler, Sr. SBN 60780
David N. Chandler, Jr. SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtor/Appellant

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . .   ii

STANDARD OF REVIEW . . . . . . . . . . . . . . . .   1

RESTATEMENT OF ISSUES ON APPEAL . . . . . . . .   1

ARGUMENT . . . . . . . . . . . . . . . . . . . .   1

    1.  The Debtor's criminal conviction is not before the Bankruptcy Court and is not properly considered in this context . . . . . . . . . . .   1

    2.  The nature of the obligations of the Debtor are not relevant. . . . . . . . . . . . .   1

    3.  The weight of authority deciding the issue to date is heavily in favor of dismissal. . . . . . . . . . . . . . . . . . .   2

    4.  The Trustee and the OUST would have an exception to the plain language of the statute for when the Debtor requests dismissal or, according to the Trustee, is a convicted felon. . . . . . . . . . . . . . . . . . . . .   2

CONCLUSION . . . . . . . . . . . . . . . . . . .   3

## TABLE OF AUTHORITIES

**STATUTES**

11 U.S.C. Section 521. . . . . . . . . . . . . . . .  1, 2

11 U.S.C. Section 707. . . . . . . . . . . . . . . .  1

**RULES**

F.R.E. Rule 404. . . . . . . . . . . . . . . . . . .  1

**CASES**

In re Fawson, 338 B.R. 505
  (Bktcy. D.Utah 2006) . . . . . . . . . . . . .  2

In re Hall, 368 B.R. 595
  (Bktcy W.D.Tex. 2007). . . . . . . . . . . . .  2

In re Lovato, 343 B.R. 268
  (Bktcy. D.N.M. 2006) . . . . . . . . . . . . .  2

In re Ott, 343 B.R. 264 (Bktcy. D.Colo. 2006) . .  2

In re Sherman, 441 F.3d 794 (9th Cir. 2006). . . .  1

**STANDARD OF REVIEW**

Questions of law and statutory construction are reviewed *de novo*. The standard of review applied in <u>In re Sherman</u>, 441 F.3d 794 (9th Cir. 2006) to a motion to dismiss for "cause" under Section 707(b) is inapplicable here as the statute in question requires "automatic" dismissal and is purely a matter of statutory interpretation.

**RESTATEMENT OF ISSUES ON APPEAL**

1. Whether the mandate of Section 521(I)(2) requires automatic dismissal of the case.

2. Whether the meaning of the word "automatic" differs where the entry of the Order of Automatic Dismissal is at the request of the Debtor.

**ARGUMENT**

**1. The Debtor's criminal conviction is not before the Bankruptcy Court and is not properly considered in this context.**

The conviction is not admissible for the purpose of showing character of the Debtor such as is offered here. Evidence Code Section 404.

**2. The nature of the obligations of the Debtor are not relevant.**

The support obligation was the subject of a levy on a bank account. The Trustee argues that the perfected levy and garnishment lien would somehow be adversely impacted by the dismissal of the case without any factual basis.

1     **3. The weight of authority deciding the issue to date is heavily in favor of dismissal.**

    a. If the Debtor fails to comply with Section 521(I)(1) and subject to subparagraph (4), the statute is clear regarding the Court's duties. The clarity of the statute relieves the Court of discretion in the matter and makes entry of the Order of Dismissal ministerial. <u>In re Fawson</u>, 338 B.R. 505 (Bktcy. D.Utah 2006).

    b. After expiration of the specified period set forth in Section 521(I)(1), there are no exceptions, excuses, only dismissal and the consequences that flow therefrom. <u>In re Ott</u>, 343 B.R. 264 (Bktcy. D.Colo. 2006).

    c. The Bankruptcy Court has no discretion to extend the time within which to file the required documents where no extension was timely requested by Motion and the case is automatically dismissed without discretion of the Court to enlarge the time. <u>In re Lovato</u>, 343 B.R. 268 (Bktcy. D.N.M. 2006).

    d. The Debtor is a party in interest and may request entry of the Order of automatic dismissal. <u>In re Hall</u>, 368 B.R. 595 (Bktcy W.D.Tex. 2007).

**4. The Trustee and the OUST would have an exception to the plain language of the statute for when the Debtor requests dismissal or, according to the Trustee, is a convicted felon.**

    There is nothing in the language of the statute, the plain meaning of the words contained in the statute, or

in the legislative history to suggest that the duty of the Bankruptcy Court is other than a ministerial duty to dismiss on the 46th day.

The Appellees urge this Court to create an exception to the plain meaning of the statutory language and interpose that the Debtor may not request entry of the Order of Dismissal.

## CONCLUSION

The Trustee and the OUST urge the Court to second guess Congress and interpose a result which is contrary to the plain wording of the statute. "Automatic" means, according to Appellees, ministerial unless requested by the Debtor and opposed by the Trustee. "Automatic" means that the result is applied without discretion and should have resulted in entry of the Order of Dismissal.

Dated:   9/20/07              Respectfully submitted,
                              DAVID N. CHANDLER, p.c.


                              By: */s/ David N. Chandler*
                              DAVID N. CHANDLER,
                              Attorney for Appellant