1
2
3
4
5
6
7
8                  IN THE UNITED STATES DISTRICT COURT
9              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   STEWART JAY WARREN,                    No. C 07-03244 CRB
12            Appellant,                    **ORDER**
13      v.
14   ANDREA A. WIRUM,
15            Appellee.
     ————————————————————————/
16
17        This appeal from the United States Bankruptcy Court of the Northern District of
18   California presents a tricky and as-yet unsettled question of law within this circuit: whether a
19   bankruptcy court must dismiss a bankruptcy petition at the debtor's own urging for failure to
20   file schedules and other information requested by 11 U.S.C. § 521(a), even if the evidence
21   suggests that the debtor is acting with the goal of evading his financial obligations.  In accord
22   with the majority of courts to consider the question, this Court concludes that where, as here,
23   the debtor fails to file the documents required by § 521(a), there is no evidence of a good
24   faith effort on the part of the debtor to file payment advices, and the bankruptcy court does
25   not waive the debtor's obligation to file payment advices within the time limitations set forth
26   in § 521(i), the bankruptcy petition must be dismissed pursuant to the automatic dismissal
27   provision of § 521(i)(1).  Accordingly, the bankruptcy court's denial of Warren's request to
28   dismiss is REVERSED and REMANDED for proceedings consistent with this order.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BACKGROUND**

Appellant Stewart Jay Warren's foray into the realm of bankruptcy began on September 25, 2006, when the State of California's Health and Human Services Agency issued an "Order to Withhold" to the Exchange Bank in Santa Rosa, ordering the bank to freeze Warren's account and turn over $93,330.46 in overdue child support payments. In an apparent attempt to evade his child support obligations, Warren filed a bankruptcy petition pursuant to Chapter 7 of Title 11 on October 11, 2006.

Because Warren's petition did not include a variety of required schedules and forms, the bankruptcy court filed an order on October 12 notifying Warren that unless he submitted such information within fifteen days, his case could be dismissed. Warren failed to file the schedules within fifteen days and accordingly, the bankruptcy court entered an Order for Hearing re: Sanctions on October 30, which ordered Warren to appear at a hearing on November 17 to face possible sanctions.

On November 15, two days before the scheduled hearing, the trustee in bankruptcy, Appellee Andrea Wirum, responded to the order for sanctions, notifying the court "that there may be assets which may be administered for the benefit of creditors and request[ing] that [the] Court refrain from immediately dismissing this case so the Trustee may complete her investigation." ER 6. Wirum informed the court that she had received a call from a representative of Exchange Bank, who advised Wirum that the bank intended to turn over $93,330.46 from Warren's account to the State of California to satisfy Warren's child support debts. In addition, the bank representative informed Wirum that Warren had withdrawn an additional $90,000 or so from his account when he learned that the bank would honor the child support order. Warren failed to appear at the November 17 hearing on sanctions, and the court declined to dismiss his case at that time.

Suffering from a change of heart, Warren filed a motion on March 6, 2007 to dismiss his own case. Warren claimed that because he failed to obtain pre-petition credit counseling or to apply for a statutory waiver of the counseling requirement, he failed to qualify as a "debtor." See 11 U.S.C. § 109(h). Because he was not a debtor, Warren argued, a jurisdictional element had not been satisfied and the bankruptcy court was obligated to dismiss his case.

**United States District Court**
For the Northern District of California

1    Before briefing on the first motion was yet finalized, Warren filed a second motion –

2    termed a Request for Entry of Order of Dismissal – contending that his failure to file the

3    schedules and statements mandated by 11 U.S.C. § 521(a) within 45 days of the filing of his

4    petition required an "automatic dismissal" of his case under § 521(i).

5    On April 9, 2007, the bankruptcy court denied both of Warren's motions.  Troubled

6    that Warren "want[ed] out of Chapter 7 based on his own failures and misconduct," the court

7    concluded that dismissal under § 109(h) and § 521(i) is not mandated "where the debtor is

8    seeking to take advantage" of either provision "to the prejudice of his creditors."  ER 56-57

9    (citing In re Withers, 2007 WL 628078 (Bkrtcy. N.D. Cal. 2007)).  The court held that

10   Warren was judicially estopped from seeking dismissal under § 109(h), and that the

11   automatic dismissal provision of § 521(i) had not been triggered because Warren's obligation

12   to file schedules and statements had been waived.  Although the debtor's duty to file

13   schedules and statements can only be waived through motion of the trustee, see 11 U.S.C. §

14   521(i)(4), the court construed the trustee's November 15 request to refrain from dismissal as

15   a motion to waive Warren's obligation.

16   Judgment was entered on April 20, 2007.  Warren filed this timely appeal on April 23.

17                                              **JURISDICTION**

18   This Court has jurisdiction to hear bankruptcy appeals from "final judgments, orders, and

19   decrees" pursuant to 28 U.S.C. 158 § (a)(1).  "[T]he general standards for appealability of

20   bankruptcy orders are broader and more flexible than those that apply to ordinary civil cases."  In re

21   Benny, 791 F.2d 712, 718 (9th Cir. 1986).  That is because "certain proceedings in a bankruptcy

22   case are so distinct and conclusive either to the rights of individual parties or the ultimate outcome

23   of the case that final decisions as to them should be appealable as of right."  In re Mason, 709 F.2d

24   1313, 1317 (9th Cir. 1983).

25   A bankruptcy order is appealable where it resolves and seriously affects substantive rights

26   and finally determines the discrete issue to which it is addressed.  See In re Wiersma, 483 F.3d 933,

27   939 (9th Cir. 2007).  In this case, the bankruptcy court determined that the debtor's failure to make

28   certain filings and obtain pre-petition counseling did not mandate dismissal.  Because that decision

seriously affects the debtor's substantive rights and finally determined the issue of dismissal, this

Court concludes that the bankruptcy court's order denying the motions to dismiss is a final decree

and that this court's jurisdiction has been properly invoked pursuant to 28 U.S.C. § 158(a)(1). See

Rivera v. Miranda, 2007 WL 2993611, *1 (D.P.R. 2007).

## STANDARD OF REVIEW

The district court's standard of review over a bankruptcy court's decision is identical to the

standard used by circuit courts reviewing district court decisions. See Ford v. Baroff, 105 F.3d 439,

441 (9th Cir. 1997). Thus, the district court reviews the bankruptcy court's factual findings for clear

error and its conclusions of law de novo. See Diamant v. Kasparian, 165 F.3d 1243, 1245 (9th Cir.

1999).

## DISCUSSION

Warren argues that his bankruptcy petition must be dismissed both because he failed

to obtain pre-petition counseling pursuant to § 109 and because he failed to file the requisite

schedules and forms pursuant to § 521. Warren's first argument is misguided and easily

dispatched: § 109's counseling requirement is not jurisdictional, and therefore the bankruptcy

court was wholly within its right to judicially estop Warren from seeking dismissal on that

basis. Warren's second argument is far more substantial, and has split lower courts across

the country. See Rivera, 2007 WL 2993611 at *2 (listing cases). Although there are valid

arguments on both sides, this Court agrees with the majority of courts, which have concluded

that there is "no discretion to fashion any reasonable or equitable solution" when debtors

who fail to file the documents required by § 521 seek to take advantage of the bankruptcy

process and dismiss their own petition. Id. at *3.

A. Credit Counseling

On April 20, 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer

Protection Act of 2005 (BAPCPA), one of the most sweeping reforms of this nation's

bankruptcy laws in the past twenty-five years. The avowed purpose of BAPCPA was to

reduce the number of bankruptcy filings, which Congress viewed as excessive and used too often "as

United States District Court
For the Northern District of California

4

1    a first resort, rather than a last resort." H.R. Rep. 109-31 at 4, <u>reprinted in</u>, 2005 U.S.C.C.A.N. 88,

2    90 (2005).

3         To reduce the number of bankruptcy filings, Congress imposed a number of new

4    requirements on debtors, including § 109's counseling obligation. Section 109(h)(1) provides that a

5    person may not be a debtor under the Bankruptcy Code "unless such individual has, during the

6    180-day period preceding the date of filing of the petition by such individual, received from an

7    approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that

8    outlined the opportunities for available credit counseling and assisted such individual in performing

9    a related budget analysis." The law includes an exception for debtors who reside in districts without

10   qualifying counseling agencies, <u>see id.</u> § 109(h)(2)(A), which is inapplicable in this case.

11        The parties agree that Warren never received the counseling that § 109(h) requires before

12   filing his bankruptcy petition. The only question is whether Warren, as the petitioner, can be

13   judicially estopped from seeking dismissal on this ground because he previously maintained that he

14   was eligible for bankruptcy relief. Warren's primary argument is that § 109(h)'s counseling

15   requirement is jurisdictional, and therefore the doctrine of judicial estoppel has no force. <u>See</u> <u>United</u>

16   <u>States v. Cotton</u>, 535 U.S. 625, 630 (2002) (holding that subject matter jurisdiction can never be

17   forfeited or waived).

18        After the Supreme Court's decision in <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500 (2006), there

19   can be no doubt that § 109(h) does <u>not</u> set forth a jurisdictional limitation. In <u>Arbaugh</u>, the Supreme

20   Court set forth a bright-line rule for distinguishing between jurisdictional requirements and elements

21   of a claim: "If the Legislature clearly states that a threshold limitation on a statute's scope shall

22   count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle

23   with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional,

24   courts should treat the restriction as nonjurisdictional in character." <u>Id.</u> at 515-16.

25        Because there is no "jurisdictional" language in § 109, <u>Arbaugh</u>'s test for jurisdictional

26   limitations cannot be satisfied. <u>See</u> <u>In re Meza</u>, 2007 WL 1821416, *2 (E.D. Cal. 2007); <u>In re</u>

27   <u>Manalad</u>, 360 B.R. 288, 295 (Bkrtcy. C.D. Cal. 2007); <u>see also</u> <u>In re Mendez</u>, 367 B.R. 109, 118 (9th

28   Cir. BAP 2007) (holding that "strict compliance with the credit counseling requirements of § 109(h)

**United States District Court**
For the Northern District of California

can be waived by a debtor"). Accordingly, the bankruptcy court correctly determined that it could prevent Warren from dismissing his case for failure to obtain counseling under the doctrine of judicial estoppel.[1]

### B. Payment Advices & Automatic Dismissal

In addition to the counseling requirement, BAPCPA imposed a requirement on debtors to file certain documents to prevent automatic dismissal of their case. In particular, § 521(a)(1) provides that the debtor shall file a list of creditors and, unless the court orders otherwise:

> (i) a schedule of assets and liabilities;
> (ii) a schedule of current income and current expenditures;
> (iii) a statement of the debtor's financial affairs . . . ;
> (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;
> (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and
> (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition.

11 U.S.C. § 521(a)(1)(B). The consequence of a debtor's failure to file is severe. If the debtor fails to file all of the information required by § 521(a)(1) within 45 days of filing the bankruptcy petition, "the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." Id. § 521(i)(1). Section 521(i)'s draconian result can only be avoided in two circumstances. First, within the 45 days after the filing of the petition, the debtor may request an additional 45 day extension. See id. § 521(i)(3). Second, the trustee can file a motion within 45 days after the filing of the petition, "and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) [i.e., copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor] and that the best interests of creditors would be served by administration of the case." Id. § 521(i)(4).

---

[1] Because Warren does not raise the argument, this Court does not address whether judicial estoppel was appropriately applied under the circumstances. See New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001) (setting forth "several factors [that] typically inform the decision whether to apply the doctrine in a particular case").

**United States District Court**
For the Northern District of California

1    There is no dispute that – other than a list of creditors – Warren failed to file the information

2  required by § 521(a)(1).  Accordingly, Warren's case was automatically dismissed on the 46th day

3  after he filed the bankruptcy petition, unless one of § 521(i)'s exception applies.  Because Warren

4  never requested an extension, § 521(i)(3) is inapplicable.  Therefore, the only question is whether

5  Warren's bankruptcy petition is justiciable because the elements of § 521(i)(4) have been satisfied.

6    Under § 521(i)(4), a case is not automatically dismissed – despite the debtor's failure to file

7  required documents – if: (1) the trustee filed a motion within the applicable timeframe; (2) the

8  bankruptcy court finds that the debtor attempted in good faith filed copies of all payment advices;

9  and (3) the best interests of creditors would be served by administration of the case.

10    The third element is clearly satisfied in this case.  There is ample evidence that Warren seeks

11  to dismiss his own petition to evade his financial obligations.  Therefore, the best interests of

12  Warren's creditors would be served by not dismissing his case.

13    The bankruptcy court found that the first element was satisfied when the trustee filed a

14  pleading on November 15, 2006, requesting that the bankruptcy court not dismiss Warren's case.

15  The trustee's request did not specifically reference § 521's requirements, but the bankruptcy court

16  concluded that the request could fairly be construed as a motion to waive § 521's requirements.

17    The function of interpreting pleadings rests primarily on the trial judge.  See Lilly v. Grand

18  Trunk Western R. Co., 317 U.S. 481, 489-90 (1943).  Thus, the bankruptcy court's interpretation of

19  the trustee's request is entitled to deference.  Moreover, pleadings must be construed as to do

20  substantial justice.  See Fed. R. Civ. P. 8(f).  Under the circumstances, substantial justice is

21  forwarded by the bankruptcy court's interpretation.  Accordingly, this Court finds that it was

22  reasonable for the bankruptcy court to construe the trustee's request as a § 521(i)(4) motion.

23    The trustee's argument fails, however, because there is no evidence in the record that Warren

24  attempted in good faith to file all payment advices.  To the contrary, all the evidence suggests that

25  Warren has consistently and intentionally shirked his obligations under § 521.  Hence, the §

26  521(i)(4) exception has no application in the present instance.  See In re Ackerman, 374 B.R. 65, 67

27  (Bkrtcy. W.D.N.Y. 2007).

28

**United States District Court**
For the Northern District of California

1    The trustee argues that Warren's lack of good faith is of no moment because the bankruptcy

2   court was authorized, and did, waive Warren's obligation to file payment advices.  It is true that §

3   521(a)(1)(B) states that the debtor must file copies of payment advices or other evidence of payment

4   "unless the court orders otherwise."  (Emphasis added).  This Court agrees that if the bankruptcy

5   court had waived Warren's obligation to file payment advices before § 521's automatic dismissal

6   provision was triggered on the 46th day after Warren filed his petition, then Warren would not have

7   been required to file payment advices and therefore his failure to file such information could not

8   implicate the dismissal provisions of subdivision (i)(1).  See Ackerman, 374 B.R. at 67.

9    The critical question, however – and the question that has split courts across the country – is

10   whether a court may retroactively waive the debtor's obligation to file payment advices.  In denying

11   Warren's motion to dismiss, the bankruptcy court relied on In re Withers, 2007 WL 628078 (Bkrtcy.

12   N.D. Cal. 2007), a case that typifies the minority position on the retroactivity issue.  In Withers, the

13   court concluded that because § 521 does not expressly mandate that an order excusing the debtor

14   from filing payment advices be entered prior to the 45 day period, courts are permitted to

15   retroactively waive filing obligations.  See id. at *4, *4 n.4.  This Court finds the logic of Withers

16   unpersuasive.  Even if retroactively waiving filing requirements is not expressly prohibited, allowing

17   bankruptcy courts to retroactively relieve debtors from filing payment advices "would render the

18   automatic dismissal provision in Section 521(i)(1) meaningless," Rivera, 2007 WL 2993611 at *2.

19   It is a basic rule of statutory construction that one provision should not be interpreted in a way which

20   is internally contradictory or that renders other provisions of the same statute inconsistent or

21   meaningless.  See DirecTV, Inc. v. Hoa Huynh, 2007 WL 2596115, *3 (9th Cir. 2007).

22   Accordingly, this Court agrees with the majority of courts that have considered the issue that any

23   order excusing the debtor from filing payment advices must be entered before the expiration of §

24   521(i)(1)'s 45-day deadline.

25    When Congress drafted § 521, its intent to create a rigid, unyielding bar to proceeding as a

26   debtor in bankruptcy proceedings could not have been more clear.  Under the plain terms of § 521(i),

27   if the debtor fails to file all of the information required by subdivision (a)(1) within 45 days after

28   filing the petition, the case "shall be" – i.e., must be – automatically dismissed on the 46th day.  If

8

**United States District Court**
For the Northern District of California

"any party in interest," including the debtor, requests the court to enter an order dismissing the case – as Warren did – the court "shall enter" an order of dismissal not later than five days after the request.  11 U.S.C. § 521(i)(2).  In this case, Warren filed a request for an order dismissing the case on April 4, 2007.  By the time the bankruptcy court denied Warren's motions on April 9, there was no live case, as it had already been automatically dismissed pursuant to § 521(i)(1), even without the bankruptcy court's entry of an order.  See In re Ott  343 B.R. 264, *267 (Bkrtcy. D. Colo. 2006) ("Section 521(i)(1) does not contemplate any independent action by the Court or any other party-the case is merely dismissed by operation of the statute itself.  There is no ambiguity.").  The court could not, therefore, retroactively resuscitate Warren's case by waiving his obligation to file payment advices.

The trustee argues that the majority interpretation of § 521 is harsh and results in prejudice to creditors.  But that is the inevitable result of Congress' decision to draft an automatic dismissal provision that is "self-executing, inflexible, and unforgiving."  In re Hall, 368 B.R. 595, 598 (Bkrtcy. W.D. Tex.2007).  Congress' express goal in enacting BAPCPA was to reduce the number of bankruptcy filings, not to provide greater protections for creditors.  H.R. Rep. 109-31 at 4, reprinted in, 2005 U.S.C.C.A.N. 88, 89 (2005).  Interpreting § 521 as a rigid bar – whether equitable as a political or policy matter – forwards Congress' intent.

This Court is sympathetic to the fact that because Congress did not provide an exception for debtors who seek to manipulate the bankruptcy process by intentionally withholding documents required under § 521, petitioners like Warren are provided with an undeserved opportunity to "test the waters" of bankruptcy and thereby minimize their exposure to creditors.  Unfortunately, this is a problem that can only be resolved by Congress, and not the courts.  Perhaps the Executive Office for United States Trustees will convey the legitimate arguments made before this Court to the rightful body.

///

**United States District Court**
For the Northern District of California

1        Because Warren's bankruptcy petition must be automatically dismissed under § 521 for

2    failure to file payment advices and other required information, the bankruptcy court's order denying

3    the request for dismissal is REVERSED and REMANDED for proceedings consistent with this

4    order.

5        **IT IS SO ORDERED.**

6

7



8    Dated: November 14, 2007                       CHARLES  R. BREYER

                                                  UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28